(88 South. 691)

No. 24358.

## PIERRE v. BARRINGER.

(May 2, 1921. Rehearing Denied May 30, 1921.)

*(Syllabus by Editorial Staff.)*

1. Master and servant ⟐⟐401—Exception to petition for compensation not maintainable under Employers' Liability Act.

Under the Employers' Liability Act, as amended by Act No. 234 of 1920, providing that an answer shall be filed to the complaint, and that the judge shall not be bound by the usual rules of evidence or by any formal rules of procedure other than as provided in the act, an exception of no cause or right of action should be overruled, though the petition is carelessly drawn and does not technically embrace a cause of action; its general purport showing it to be a suit for compensation for an accident.

2. Master and servant ⟐⟐375(1)—Injury to fireman from contact with saw held not compensable.

Where the evidence showed that plaintiff's employment as fireman in a sawmill did not take him in the vicinity of the circular saw by which his hand was injured, that he was not performing services arising out of and incidental to his employment, and that the accident happened because of his neglect of his duties and his unnecessary exposure to a dangerous implement, he could not recover compensation under the Employers' Liability Act.

O'Niell, J., dissenting.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentice B. Carter, Judge.

Suit by Paul Pierre against John M. Barringer. From a judgment dismissing his suit, plaintiff appeals. Judgment in favor of defendant.

Hiddleston Kenner, of New Orleans, for appellant.

Miller & Burns, of Covington, for appellee.

SOMMERVILLE, J. Plaintiff sued the defendant for compensation for the loss of a hand while in the employ of the defendant, a sawmill owner.

Defendant filed an exception of no cause or no right of action which was referred by the district judge to the merits of the cause. After the trial of the cause, the exception was maintained, and the suit was dismissed. From which judgment plaintiff has appealed.

[1] A critical examination of the petition, which is carelessly drawn, would show that it does not technically embrace a cause of action. But its general purport shows it to be a suit by an employé against his employer for compensation for an accident while the plaintiff was in the employ of the defendant and while he was supposed to be acting in the performance of his duties. The answer, which was filed at the same time as was the exception, shows quite plainly the above condition of affairs.

The law provides in Act 234 of 1920, p. 442, which is an act to amend and re-enact certain sections of the original bill, known as No. 20 of 1914, which is the Employers' Liability Act, that the answer should be filed to the complaint made by the employé implying that exceptions would be out of order, and it further provides that:

"The judge shall not be bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure other than as herein provided. The judge shall decide the merits of the controversy as equitably, summarily, and simply as may be."

The exception of no cause or no right of action should have been overruled.

[2] The case was tried on its merits, and it was shown that plaintiff was a young colored boy who was engaged as a fireman in a sawmill, and that his employment did not take him in the vicinity of the circular saw by which his hand was severely injured. The evidence further shows that he, the plaintiff, was not performing services arising out of and incidental to his employment, and that the accident did not happen in the course of

his employment, trade, business, or occupation. The accident to plaintiff happened because of his neglect of the duties assigned to him and the unnecessary exposure by him to a very dangerous implement. It was his duty to have taken care of himself, and not to have placed himself unnecessarily in a place of danger. He had deserted his post of duty at the furnace, and wandered some distance from the boiler when he met with the accident.

It is therefore ordered, adjudged, and decreed that there be judgment in favor of defendant, and against plaintiff, rejecting the latter's demand at his cost.

O'NIELL, J., dissents.
DAWKINS, J., takes no part.