OVERTON, J.
Defendant conducted a logging camp at Fal, La. It employed plaintiff as its scavenger. His duties consisted, according to the allegations of his petition, in removing refuse, and in keeping the camp clean and sanitary. He further alleges that, while so employed, he accidentally fell into a hole in the ground, and sustained a sprain of his right hip, which has left it in a sore, stiff, and paralyzed condition. After alleging that defendant was notified of the accident and that he has been partially, though permanently, incapacitated to work by the injury received, he prays for judgment for 55 per cent, of his weekly wage of $20.75 for a period of 300 weeks.
Defendant excepted to this petition on the ground that it discloses no cause of action, and also filed an answer. The lower court overruled that exception. The case was then tried immediately on the merits; the result being a judgment for plaintiff. Defendant has appealed.
[1] Defendant, in its brief, strongly urges its exception of no cause of action. The chief ground of the exception is that the petition does not show that plaintiff was engaged in a hazardous occupation at the time of the accident.
Act No. 20 of 1914, in section 1 thereof, provides that it, the Employers’ Liability Act, shall apply only, after mentioning the state and its political subdivisions, to “every person performing services arising out of and incidental to his employment in the course of his employer’s trade, business or occupation in the following hazardous trades, businesses and occupations.” Then follows an enumeration of the occupations deemed hazardous, among which are enumerated “logging and lumbering.” The same section further provides that, “if there be or arise any hazardous trade, business or occupation or work other than those hereinabove enumerated, it shall come under the provisions of this act.”
While defendant was performing services at a logging camp, yet, within the purview of the statute, he was not performing them in logging itself, nor was he employed to do so. While his employment inured indirectly to such operations, yet he was not engaged in them.
The conducting of a logging camp (the camp being nothing more than the quarters for those engaged in logging), although part of the logging business, is not hazardous, and therefore one employed to perform and engaged in performing services in such a camp is not performing them in a hazardous occupation. It cannot even be said that the work of a scavenger is hazardous, although performed in such a place, but we think that it is the occupation in which the person is employed to perform the service, rather than his particular duties, that determines the question.
[2] The defense, in this instance, is presented in the form of an exception of no cause of action. The question arises whether such an exception lies in a proceeding under the Employers’ Liability Act. While it is intimated in the case of Pierre v. Barringer, 149 La. 71, 88 South. 691, that exceptions are out of order in suits under that act, yet an examination of that ease will show that it is authority only to the extent that, where the petition merely fails technically to disclose a cause of action, an exception of no cause of action should be overruled. In this case the failure is substantial, even to such extent that, if the question as to whether the occupation was hazardous should be considered on the merits, in the light of the evidence introduced, it would result only in the rejection of plaintiff’s demand.
For the reasons assigned, it is ordered, adjudged, aná decreed that the judgment ap *675 pealed from be annulled, avoided, and set aside, and that the exception of no cause of action be maintained, and plaintiff’s suit dismissed.