(102 So. 96)

No. 26650.

## CLARK v. ALEXANDRIA COOPERAGE & LUMBER CO.

### In re CLARK.

(Nov. 3, 1924. Rehearing Denied Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant** &cong;348—**Technical defenses abrogated by Employers' Liability Act.**

In application of Employers' Liability Act, as amended by Act No. 38 of 1918, all technical defenses are abrogated, except in extreme cases.

2. **Master and servant** &cong;401—**Exception to petition under Employers' Liability Act not allowed, unless it presents real defense.**

Exception of no cause of action to petition under Employers' Liability Act, as amended by Act No. 38 of 1918, is technical rule of procedure, and will not be allowed, unless it goes to merits and presents real defense to case.

3. **Master and servant** &cong;401—**Notice of accident need not be alleged in petition, under Employers' Liability Act.**

Under Employers' Liability Act, § 15, failure to notify defendant of accident is matter of defense, and notice does not have to be alleged affirmatively in petition.

4. **Master and servant** &cong;394—**Court not bound by technical rules of procedure in cases under Employers' Liability Act.**

In cases under Employers' Liability Act, as amended by Act No. 38 of 1918, court is not bound by technical or formal rules of procedure, except as provided therein.

5. **Master and servant** &cong;401—**Petition with admission of answer held to contain necessary averments.**

In action for compensation for death under Employers' Liability Act, as amended by Act No. 38 of 1918, where supplemental and amended petition alleged that decedent was performing duty arising out of and incidental to employment by defendant, and defendant's answer admitted knowledge of decedent's death, necessary averments under paragraph 1, § 18, were supplied thereby.

Certiorari to Court of Appeal, Parish of Rapides.

Action by Caledonia Pickett Clark against the Alexandria Cooperage & Lumber Company, under Employers' Liability Act, for death of her husband, Henry Clark. On application of plaintiff for certiorari or writ of review to review judgment of Court of Appeal, affirming judgment sustaining exception of no cause of action. Judgments sustaining exception annulled and avoided, exception overruled, and case remanded.

R. Norman Bauer, of Franklin, for applicant.

White, Holloman & White, of Alexandria, for defendant.

BRUNOT, J. When this suit was filed, the case of Bell v. Albert Hanson Lumber Co., 151 La. 824, 92 So. 350, was then pending on appeal. After issue was joined, the cases appeared to be similar in every material respect, and this case was permitted to rest, pending the decision of Bell v. Hanson Lumber Co.

The Court of Appeal has accurately stated this case, and we quote that statement in full:

"On the 2d day of May, 1921, plaintiff filed, in the District Court of Rapides parish, her petition, alleging in substance that the defendant is indebted to her, under the provisions of Act No. 20 of 1914, commonly known as the Burke-Roberts Employers' Liability Act, as amended by Act No. 38 of 1918, in the sum of

$16 a week for a period of 300 weeks, dating from July 12, 1920, or a total of $4,800, with legal interest from judicial demand; that her husband, Henry Clark, was killed on July 12, 1920, while in the employ of defendant, his death being caused by the falling of a tree in a swamp near Alexandria, Rapides parish; that petitioner has two minor children, issue of her marriage with her said deceased husband, and that she and her children were wholly dependent upon her said husband for support; that she understands her said husband was receiving wages at the time of his death of not less than $30 a week, and that she has made amicable demand, but without avail.

"On May 24, 1921, defendant filed its answer to plaintiff's petition, denying that it is due plaintiff anything, alleging that plaintiff's husband was not in its employ when killed or injured, and that Clark was an independent contractor at the time he got hurt. It further alleged that Clark was not carried on defendant's pay roll, and that he paid and discharged his own labor, as well as furnished his own tools and implements with which the work he was engaged in was carried on. It is admitted that amicable demand had been made without avail.

"On June 26, 1922, defendant filed an exception of no cause or right of action, which was, by agreement of counsel, submitted on briefs on October 27, 1922."

Pending the decision on the foregoing exception, plaintiff, with leave of the court, filed a supplemental and amended petition, detailing the particular kind and character of the work in which the deceased was engaged, and concluding with the averment "that at the moment of his death, as aforesaid, petitioner's said husband was performing a duty arising out of and incidental to his employment."

The exception is leveled at the failure of the plaintiff to allege that the employer had knowledge of the injury and of the death of plaintiff's husband, or that notice of the occurrence was given it, or that the death of plaintiff's husband was caused by an accident "arising out of and incidental to his employment in the course of his employer's trade, business, or occupation."

The opinion of the Court of Appeal rec-ognized that plaintiff's supplemental petition cures some of the defects relied upon by exceptor, but it holds that, as there is no allegation in either petition that the employer had knowledge of the accident, or that notice of it was given to him, as required by section 11 of Act No. 20 of 1914, as amended by Act No. 243 of 1916, the petition fails to disclose a cause of action; that, even if it be held that the suit constitutes notice, the suit was not filed within six months after Clark's death.

[1] It is our conception of the law that in the application of the Employers' Liability Act the rule is that all technical defenses are abrogated. We recognize that there are exceptions to this rule, but it must be an extreme case to bring it within the exceptions. Lemieux v. Cousins, 154 La. 811, 98 So. 255; Dyer v. Rapides Lumber Co., 154 La. 1091, 98 So. 677; Dick v. Gravel. Logging Co., 152 La. 994, 95 So. 99; Philips v. Guy Drilling Co., 143 La. 951, 79 So. 549.

[2] An exception of no cause of action to a petition under the Employers' Liability Act, being a technical rule of procedure, will not be allowed, unless it goes to the merits and presents the real defense to the case. Pierre v. Barringer, 149 La. 71, 88 So. 691; Dewey v. Lutcher-Moore Lumber Co., 151 La. 672, 92 So. 273.

[3] A failure to notify a defendant of an accident is a matter of defense, and it does not have to be alleged affirmatively in the petition. Section 15, Act No. 20 of 1914; Smith v. White, 146 La. 313.[1] Section 15, Act No. 20 of 1914, is as follows:

"Be it further enacted, etc., that a notice given under the provisions of section 11 of this act shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or otherwise, unless it is shown that the employer was in fact misled to his injury thereby. *Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown*

[1] 83 So. 584.

*that the employer, or his agent or representative, had knowledge of the. accident."* (Italics by the court.)

In paragraph 2 of defendant's answer, filed long prior to the filing of its exception, defendant admits the death of plaintiff's husband, and its knowledge of the accident is revealed in the following section of that paragraph, in which the defense relied upon is alleged, viz.:

"It specially denies that Henry Clark was in the employ of this company, and, *on the contrary alleges that he was an independent contractor at the time he originally got hurt,* and was not an employee of this company within the terms of the Employers' Liability Act as amended and that under the jurisprudence of this court as established by repeated decisions there can be no recovery under this state of facts." (Italics ours.)

[4] In cases coming under the Employers' Liability Act, the court is not bound by any technical or formal rules of procedure, except as is provided in the act itself. The provisions of paragraph 1 of section 18 of the Act are that a verified complaint may be presented—

"setting forth the names and residences of the parties and the facts relating to employment at the time of injury, the character and extent of the injury, the amount of wages being received at the time of the injury, the knowledge of the employer or notice of the occurence of said injury, and such other facts as may be necessary and proper for the information of said judge, and shall state the matter or matters in dispute and the contention of the petitioner with reference thereto."

[5] While the original. petition may have omitted averments necessary to state a cause of action, the supplemental and amended petition supplies one of the omissions complained of, and the answer of defendant, by admission, supplies the other.

We think the district court and the Court of Appeal were in error in sustaining the exception of no cause- of action, and the judgments sustaining that exception are annulled

and avoided, and the exception of no cause of action is overruled, and the case remanded to the district court, to be proceeded with according to law; all costs of this court and the Court of Appeal to be paid by defendant, and other costs to await the final disposition of the case.