## STOCKSTILL v. SEARS–ROEBUCK & CO.

### No. 4751.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1934.

T. A. Carter, of Alexandria, for appellant.

Thornton, Gist & Richey, of Alexandria, for appellee.

## TALIAFERRO, Judge.

Plaintiff seeks to recover compensation for injuries received by him from an accident that befell him while in defendant's employ. He alleges that defendant is engaged in a general mercantile business, selling hardware, electric refrigerators, and other merchandise; that it was a part of his duty to arrange the stock of goods on the floor of defendant's business house, and particularly was it his duty to arrange (presumably for display) the electric refrigerators, and to deliver and install same after being sold to customers. He further alleges that while engaged in moving or attempting to move one of the refrigerators, on June 14, 1932, he injured his back, and that since that time he has been unable to do any kind of work or pursue his regular occupation. He alleges permanent total disability and sues for compensation on that basis.

Defendant filed a plea of prematurity and an exception of no cause and no right of action. The exception was sustained and plaintiff's suit ordered dismissed. The plea of prematurity was not tried.

Plaintiff appealed.

■ Plaintiff does not allege that defendant's business is a hazardous one; neither does he allege that any department or special line of such business is hazardous; and defendant argues that since these allegations are absent, and in view of the fact that a mercantile business is not declared a hazardous business or occupation by the Workmen's Compensation Law of 1914 (Act No. 20), as amended by Act No. 85 of 1926, no cause or right of action is disclosed by the petition.

The allegations of the petition are vague and somewhat indefinite; details of fact are lacking, which, if set up, would clarify what now is obscure and vague. However, in view of the liberal construction the courts generally place on the allegations of a petition for compensation, and that the technical rules of pleading and evidence are not strictly applied or enforced in such cases, we believe the exception not well founded in this case, and that a cause of action is set up in the petition sufficiently clear to justify trial on the merits. On this point the Supreme Court in Pierre v. Barringer, 149 La. 71, 88 So. 691, said: "A critical examination of the petition, which is carelessly drawn would show that it does not technically embrace a cause of action. But its general purport shows it to be a suit by an employee against his employer for compensation for an accident while the plaintiff was in the employ of the defendant and while he was supposed to be acting in the performance of his duties."

The exception of no cause of action was overruled. See, also, Clark v. Alexandria Cooperage & Lumber Co., 157 La. 135, 102 So. 96.

■■ The business of a merchant is not named by the act as a hazardous occupation, and we know, as a matter of common knowledge, that such a business is not per se hazardous, but such a business may have incidental departments or accessory lines that could and would be classed as hazardous; and, after all, it is the character of business of the employer, with respect to it being hazardous or not, and not the nature of the particular duty of the employee, which determines the right or lack of right of the employee to compensation when injured in the course of the employment. White v. Equitable Real Estate Co., 18 La. App. 714, 139 So. 45; Dewey v. Lutcher-Moore Lbr. Co., 151 La. 672, 92 So. 273; Shipp v. Bordelon, 152 La. 795, 94 So. 399.

■ Plaintiff does not definitely allege that defendant obligated itself to install the refrigerators sold by it to its customers, but the inference is strong that this was done by it because he says that it was part of his duty, under his employment engagement with defendant, to deliver the refrigerators and install them. If it were his duty to do this, then the conclusion is inescapable that it was defendant's custom, rule, and obligation to have the deliveries made and the machines put in place and installed so that the electric current could be turned on.

One of the hazardous occupations named in section 1, par. (a), subsection 2, of the Workmen's Compensation Law, as amended, is: "The construction, installation, operation, alteration, removal or repair of wires, cables, switchboards or apparatus charged with electrical current."

It is not alleged, and we do not know,

what the process of installing one of these refrigerators may include. Counsel for defendant state that it simply consists of moving it close enough to the socket in the wall to insert the plug at the end of the short cable attached to the refrigerator, and that by doing this the current becomes effective. This may be true as a rule, but it could happen that the electric wiring of the house to some extent would have to be adjusted or rearranged in some respects to accommodate the refrigerator. It is not improbable that the location of a wall socket would have to be changed to suit the wishes of the housewife, and many more contingencies could arise that would require the handling, moving, and attaching of electric wires in order to install the refrigerator. Some refrigerators are installed in the walls of business houses, meat markets, etc., and considerable labor and material are required to accomplish this. To finally install a refrigerator in place and condition to function, it may be necessary to alter, remove, or repair wires or cables "charged with electric current," and this line of business is specifically declared hazardous by the act.

The case of Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303, is authority for the two legal propositions:

(1) That, though operation of a hotel is not declared by the Workmen's Compensation Law to be a hazardous business, yet it became so when, in the conduct of its business, it did engage in some incidental necessary activities which are declared by the law to be hazardous; and (2) that where an employee's duties require him to render services to both the hazardous and nonhazardous lines of a business, he, or his dependents in event of his death, is entitled to compensation although when injured or killed he was performing nonhazardous duties.

In Adams v. Hicks Co., 149 So. 242, this court held that the defendant, a wholesale merchant, engaged in a nonhazardous business, could not be held for payment of compensation to the widow of one killed while in the employ of one sustaining the relation of independent contractor to defendant. It was said in that case, however, that, if the plaintiff's husband had been killed while at work on one of defendant's own trucks, that there would have been no question but that defendant would have been liable for compensation, though its principal business was nonhazardous. The Hotel Bentley Case is cited in support of this statement.

And to same effect is Youngblood v. Colfax Motor Co., 12 La. App. 415, 125 So. 883, the syllabus of which reads: "One whose duties are partly hazardous and partly nonhazardous, even though injured while performing duties that are nonhazardous, is entitled to compensation under Employers' Liability Act (Act No. 20 of 1914, as amended)."

█ It is our conception of the Workmen's Compensation Law, and of the jurisprudence interpreting it, that, while a main business may not be hazardous per se, nor so declared by the statute, yet if in connection therewith or incidental thereto a subsidiary line of business is conducted which is declared hazardous by the statute, that an employee of said business, injured while performing duties under the employment, is entitled to recover compensation; that injuries thus received arise out of such employment in the course of the employer's hazardous trade, business, or occupation.

In the present case we cannot foresee what the true facts are. It may be that plaintiff will be unable to establish his case, or bring it within the rules laid down by the courts, herein discussed. It is not our purpose to prejudge the case on the merits, but simply to remand it for trial so that plaintiff may have the opportunity of presenting the facts he relies on to recover.

Judgment of the lower court, for the reasons assigned, is annulled, avoided, and reversed; and the case is remanded for further proceedings according to law. Costs of appeal are assessed against defendant; all other costs to await final decree in the case.