## HOLLINSWORTH v. CROSSETT LUMBER CO. *

### No. 4709.

Court of Appeal of Louisiana. Second Circuit.

March 29, 1934.

Todd & Todd, of Bastrop, for appellant.

Madison, Madison & Fuller, of Bastrop, for appellee.

MILLS, Judge.

Plaintiff's suit brought under the Workmen's Compensation Act (No. 20 of 1914, as amended), individually and for the benefit of her minor children, was dismissed upon an exception of no cause or right of action.

The petition recites that the defendant, Crossett Lumber Company, was, at the time

*Rehearing denied May 4, 1934.

of the injury and death of the husband and father, engaged in the sawmill business, operating a sawmill at Crossett, Ark., and was in conjunction with that business engaged in the logging and timbering business in Morehouse parish, La., cutting timber and logs, and in conjunction therewith engaged in cutting and hauling pulpwood; that the defendant company contracted with one Sam Hollinsworth to haul pulpwood, belonging to it, to the mill of the Southern Kraft Corporation in the town of Bastrop, in Morehouse parish; that the husband and father, Enoch Hollinsworth, was employed by Sam Hollinsworth to drive a truck used in hauling said pulpwood and to assist in its loading; that while so engaged he suffered an accidental injury arising out of his employment, which caused his death, and of which defendant and Sam Hollinsworth had full knowledge.

We are not informed by a written opinion on what ground the suit was dismissed. In support of the judgment appealed from, defendant urged that the exception was correctly sustained because deceased was working for a subcontractor doing work that was not a part of the business or occupation of the principal. The right of an employee of a subcontractor to recover from the principal is expressly granted by section 6 of the act, as amended by Act No. 38 of 1918 and Act No. 85 of 1926. It provides: "That where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in the section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or his dependent any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him. * * *" Helton v. Tall Timber Lbr. Co., 148 La. 180, 86 So. 729; Seabury v. Arkansas Natural Gas Corp., 171 La. 199, 130 So. 1.

The petition clearly sets out that defendant was engaged in the logging and timbering business and that its contractor, Sam Hollinsworth, was hauling for it, by motortruck, its logs to the mill of the Southern Kraft Corporation. This was certainly a part of the stated trade, business, or occupation of defendant. Lorenzo Clementine v. Hugh Ritchie, 1 La. App. 296; Carter v. Colfax Lumber & Creosoting Co., 9 La. App. 497, 121 So. 233; Synder v. Kolb et al., 11 La. App. 414, 123 So. 454.

An exception of no cause of action will lie in a case arising under the Employers' Liability Act where the failure of allegation is substantial to the extent that, considered on the merits, it would result only in the rejection of plaintiff's demand. Dewey v. Lutcher-Moore Lbr. Co., 151 La. 672, 92 So. 273; Stearns v. Love Drilling Co., Inc., 5 La. App. 174; Gros v. Millers' Indemnity Underwriters, 153 La. 257, 95 So. 709.

In workmen's compensation cases, such an exception is only sustained in extreme cases. Clark v. Alexandria Cooperage & Lumber Co., 157 La. 135, 102 So. 96; McGuirt v. Gillespie, 141 La. 586, 75 So. 419; Pierre v. Barringer, 149 La. 71, 88 So. 691; Stockstill v. Sears-Roebuck (La. App.) 151 So. 822; McQueen v. Tremont Lumber Co. (La. App.) 151 So. 683.

The judgment of the lower court sustaining the exception of no cause or right of action is erroneous.

Plaintiff's petition was filed May 25, 1933, and a hearing was ordered for June 20, 1933. Service was made on the following day.

Subsection 2 of section 18 of the act, as amended by Act No. 85 of 1926, requires that the answer must be filed within 10 days after service. An exception of vagueness was filed on June 6, 1933. In compliance with the ruling sustaining it, plaintiff filed a supplemental petition on June 9, 1933. On June 20, 1933, the date fixed for the hearing, plaintiff asked for a preliminary judgment on the ground that the time for answering had expired without one having been filed. This motion was denied; plaintiff excepting. On the same day, which was the return day, defendant filed a motion for costs, an exception of no cause or right of action, and an answer. The motion for costs was denied, but the exception of no cause or right of action was sustained and plaintiff's suit dismissed. Plaintiff appealed generally, and now urges that the action of the lower court in denying the motion for a preliminary judgment should be reversed and such a judgment granted by the court.

The granting of preliminary judgment is provided for in subsection 3 of section 18 of the act, as amended by Act No. 85 of 1926, which reads: "If the time fixed for filing answer or delay, granted for filing answer by the respondent has elapsed without any answer having been filed, then upon simple request of the petitioner the Judge of the Court, with whom the complaint or petition has been filed, shall immediately enter a preliminary

judgment in favor of the petitioner in accord with the facts set forth in the verified petition filed by the petitioner and the provisions of this act, providing for payment of such compensation as is claimed, to be payable until such time as the hearing of the issues on the merits is fixed by an order of Court at the request of the defendant; such hearing on the merits to be fixed in the same manner as the first hearing is to be fixed under paragraph 2 of this Section, or by the agreement of the parties."

We understand this wording to mean that two conditions must be met before a preliminary judgment can issue. The time for filing the answer must have expired and no answer must have been filed. As the motion for judgment and answer were filed on the same day, which appears to have been the motion hour of the court, we can only assume in the absence of proof that they were filed at the same time. Therefore there was a failure to meet the second condition, for which reason the motion was properly overruled. It would require a highly technical construction, foreign to the purpose of the act, to hold that a preliminary judgment will issue on motion submitted after the answer is filed.

The judgment of the lower court in refusing the preliminary judgment is affirmed; the judgment sustaining the exception of no cause or right of action is reversed; and the case remanded to be proceeded with according to law; defendant to pay the costs of appeal.