## BROWN v. EDWARDS et al.
### No. 5023.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1935.

Dawkins & Lassiter and Brunswig Sholars, all of Monroe, for appellant.

Hawthorne & Files, of Bastrop, and Theus, Grisham, Davis & Leigh, of Monroe, for appellees.

MILLS, Judge.

Plaintiff brings this suit under the Workmen's Compensation Act (No. 20 of 1914, as amended) against J. H. Edwards and his insurer, the Travelers' Insurance Company. All the pertinent allegations as to the nature of the employment are contained in article 3 of the petition, which reads: "That prior to and including the 20th day of June, 1933, petitioner herein and W. M. Hall were employed by the said J. H. Edwards to cut, haul and deliver pulpwood to the Bastrop Mill of the Southern Kraft Corporation. Petitioner and W. M. Hall were to furnish their truck and to receive One and $\frac{50}{100}$ ($1.50) Dollars per cord delivered at the mill."

Defendants filed in linine an exception of no cause of action which was sustained below. From the judgment dismissing plaintiff's suit, he has appealed.

Two grounds are urged in support of the exception: First, that the facts alleged establish the relationship of independent contractor and not that of employer and employee; second, that it is not alleged that the trade, business, or occupation of Edwards is hazardous.

To determine the question of independent contractor vel non, every element entering into the agreement and conduct of the parties must be considered. Hall v. Southern Advance Bag & Paper Co. (La. App.) 158 So. 829, and cases cited therein.

The allegation of employment contained in the petition is a mere conclusion of the pleader. The petition fails to allege the vital facts necessary to constitute that relationship, such as the term, the quantity of wood to be hauled, and the control over the work exercised by the employer.

The petition is also entirely devoid of any allegation as to the hazardous nature of Edwards' business. If governed by the same principles that apply to ordinary actions, the judgment complained of is correct.

In Pierre v. Barringer, 149 La. 71, 88 So. 691, the court held: "A critical examination of the petition, which is carelessly drawn, would show that it does not technically embrace a cause of action. But its general purport shows it to be a suit by an employee against his employer for compensation for an accident while the plaintiff was in the employ of the defendant and while he was supposed to be acting in the performance of his duties."

It is further held that:

"The law provides in Act 234 of 1920, p. 442, which is an act to amend and re-enact certain sections of the original bill, known as No. 20 of 1914, which is the Employers'

Liability Act, that the answer should be filed to the complaint made by the employee implying that exceptions would be out of order, and it further provides that:

" 'The judge shall not be bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure other than as herein provided. The judge shall decide the merits of the controversy as equitably, summarily, and simply as may be.'

"The exception of no cause or no right of action should have been overruled."

In Dewey v. Lutcher-Moore Lumber Co., 151 La. 672, 92 So. 273, 274, a compensation case, an exception of no cause of action was sustained. The Pierre v. Barringer Case, supra, is discussed and distinguished as follows: "The defense, in this instance, is presented in the form of an exception of no cause of action. The question arises whether such an exception lies in a proceeding under the Employers' Liability Act. While it is intimated in the case of Pierre v. Barringer, 149 La. 71, 88 So. 691, that exceptions are out of order in suits under that act, yet an examination of that case will show that it is authority only to the extent that, where the petition merely fails technically to disclose a cause of action, an exception of no cause of action should be overruled. In this case the failure is substantial, even to such extent that, if the question as to whether the occupation was hazardous should be considered on the merits, in the light of the evidence introduced, it would result only in the rejection of plaintiff's demand."·

■ This decision, in effect, seems to hold that in compensation cases an exception of no cause of action will not lie, but one of no right of action will.

The above rule is followed in McQueen v. Tremont Lumber Co. (La. App.) 151 So. 683, where though, as in the present case, conclusions and not facts were pleaded, the exception was overruled.

In Stockstill v. Sears-Roebuck & Co. (La. App.) 151 So. 822, the exception was overruled where again, as in the present case, there was an absence of allegation that the employer's business was hazardous.

In Clark v. Alexandria Cooperage & Lumber Co., 157 La. 135, 102 So. 96, 97, our Supreme Court said that in a compensation action an exception of no cause of action should be sustained only in an extreme case. It must present a situation where the exception "goes to the merits and presents the real defense

to the case." Hollinsworth v. Crossett Lbr. Co. (La. App.) 158 So. 722.

■ If this were an ordinary proceeding, we would have no hesitancy in affirming the judgment of the lower court, but, viewing the petition in the light of the above authorities, we find that the action is brought under the provisions of the Compensation Act, that it alleges the relationship of master and servant, and an injury and disability resulting from an accident arising out of and in the course of the employment. The failure is one of omission and not of positive averment. The suit is brought in forma pauperis. Counsel for plaintiff, in his brief, asks that the case be remanded in order that he may amend. Under the jurisprudence, he must be given this opportunity. Should he fail to amend, the petition is clearly vulnerable to an exception of vagueness.

For the above reasons, the judgment appealed from is reversed, and the case remanded to be proceeded with according to law.