## FREISS v. LONE STAR CEMENT CO., Inc.*
### No. 14945.

Court of Appeal of Louisiana. Orleans.
May 13, 1935.

George Piazza, of New Orleans, for appellant.

Rosen, Kammer, Wolff & Farrar, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining an exception of no cause of action. Plaintiff's petition alleges that he was employed by the defendant, Lone Star Cement Company, Inc., in August, 1928, at which time he was in perfect physical condition; that his employment was in connection with the care of electric motors located in a room where cement was made; that "in the room or place where he is employed there is considerable cement dust or powder, and that this dust or powder, does eventually effect the eyes and skin, and causes or forms an infection or disease among persons so engaged, commonly known as cement poisoning"; that "he was first affected with a skin disease known as cement poisoning, or dermatitis venenata, on or about June, 1932"; that as a result of the illness contracted in the course of his employment he is partially disabled and, under the Compensation Law of this state, entitled to an award of $14.79 per week for 300 weeks. The petition concludes with a proper prayer.

The exception of no cause of action, which was maintained below, is based upon the contention that plaintiff is seeking to recover compensation for disability resulting from an occupational disease which is not covered by

*Rehearing denied May 27, 1935. Writ of error refused July 1, 1935.

the compensation statute. (Act No. 20 of 1914, as amended).

On behalf of the plaintiff it is argued that an exception of no cause of action, when addressed to a petition filed under the compensation statute, should not be maintained unless it goes to the merits and presents the real defenses of the case. Clark v. Alexandria Cooperage & Lumber Co., 157 La. 135, 102 So. 96.

The petition in this case (which was not prepared by present counsel) is conceded to have been carelessly drawn, but it is said that in view of the provisions of the act to the effect that the court "shall not be bound by the usual common-law or statutory rules of procedure other than as herein provided" an opportunity should be afforded plaintiff to amend his petition in order that the controversy might be tried upon its merits. On this point the case of Pierre v. Barringer, 149 La. 71, 88 So. 691, wherein the following expression appears, is relied upon: "A critical examination of the petition, which is carelessly drawn, would show that it does not technically embrace a cause of action. But its general purport shows it to be a suit by an employee against his employer for compensation for an accident while the plaintiff was in the employ of the defendant and while he was supposed to be acting in the performance of his duties."

See, also, Faulkner v. Milner-Fuller, Inc. (La. App.) 154 So. 507; Dewey v. Lutcher-Moore Lumber Co., 151 La. 672, 92 So. 273.

The defendant concedes the rule with respect to technical procedure in compensation cases, particularly concerning exceptions of no cause of action to be as counsel states it, but insists that in this case the exception goes to the merits of the case, and that no proper relaxation of the rules of procedure would permit an amendment of an employee's petition which would have the effect of changing the cause of action so as to state a case covered by the act when the original proceeding was clearly not covered.

■ The Compensation Law provides for compensation to disabled workmen resulting from "personal injury by accident arising out of and in the course of such employment." Section 2, as amended by Act No. 85 of 1926. The act defines personal injuries as including "only injuries by violence to the physical structure of the body and such diseases or infections as naturally result therefrom. The said terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted." Section 39, as amended by Act No. 38 of 1918. An occupational disease is not included among those diseases for the disabling effects of which compensation may be claimed. See Cannella v. Gulf Refining Co. (La. App.) 154 So. 406, 408. In that case the plaintiff was allowed to recover compensation for the effects of "acute lead poisoning" because it was proven that the lead poisoning from which the plaintiff suffered was acquired suddenly and accidentally, and not gradually and as the cumulative effect of the absorption of noxious substances to which the plaintiff was exposed in the performance of his duties. The opinion in the Cannella Case contains an exhaustive discussion of the subject under consideration here which it is unnecessary to repeat.

■ Turning to the petition before us, we find that the plaintiff alleges that his work compelled him to occupy a room in which cement was made, and that in the process of manufacturing cement a dust or powder is generated which "does eventually affect the eyes and skin and causes or forms an infection or disease among the persons so engaged, commonly known as cement poisoning," and that plaintiff "was first affected with a skin disease known as cement poisoning or dermatitis venenata on or about June, 1932." It is elsewhere alleged in the petition that the plaintiff was originally employed by the defendant in August, 1928, or four years before the first manifestation of dermatitis venenata. It appears to us that the plaintiff has alleged a classic case of occupational disease. In the Cannella Case, supra, we said:

"The term 'vocational or occupational disease' has been defined by several of the courts as follows:

"Occupational disease is one wherein the cumulative effect of employee's continued absorption of deleterious substances from his environment ultimately results in manifest pathology.

"In occupational disease, any one exposure is inconsequential in itself, but the continual absorption is the factor which brings on the disease. In such cases, he can be held injured only when the accumulated effect of the deleterious substances manifest themselves. Associated Corporation v. State Com., 124 Cal. App. 378, 12 P.(2d) 1075.

"'Occupational disease is a diseased condition arising gradually from the character of

the employee's work.' Peru Plow & Wheel Co. v. Industrial Com., 311 Ill. 216, 142 N. E. 546.

"If the disability comes on gradually, it is not an accident but an occupational disease. Mauchline v. Insurance Fund, 279 Pa. 524, 124 A. 168."

Under the circumstances, we believe that the exception of no cause of action was properly maintained, for the reason that a trial upon the merits must inevitably result in a denial of plaintiff's claim because in compensation cases, as in all other cases, a plaintiff is bound by his allegations, having sued on one cause of action he cannot be allowed by amendment of his petition to allege a contradictory cause of action.

For the reasons assigned, the judgment appealed from is affirmed.