## McALLISTER v. PEOPLES HOMESTEAD & SAVING ASSOCIATION et al.

### MASLING v. SAME.

### Nos. 5207 and 5084.

Court of Appeal of Louisiana. Second Circuit.

Dec. 13, 1935.

Julius T. Long, of Shreveport, and M. C. Redmond, of Monroe, for appellants.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

MILLS, Judge.

These suits are by workmen for compensation under the provisions of the Workmen's Compensation Act (No. 20 of 1914, as amended).

The petition in the Masling case alleges: "That beginning about September 1, 1933, he worked for the said Peoples' Homestead & Savings Association at a wage and daily rate of pay of $1.50 per day, both in Monroe and West Monroe, Louisiana, continuously to October 14, 1933, at what was known as and called a plumber's and pipe fitter's helper, aiding in and repairing sewerage and water lines in and connected with business houses and dwelling houses belonging to and being rented and leased out by the said Association to others for a monthly rental and valuable consideration."

After describing the accident and resulting injury, the petition goes on to state: "That he sustained his said injuries and disabilities performing services arising out of and incidental to his said employment in the course of the business, trade and occupation of the said defendant association, and in owning and repairing houses, repairing and installing water fixtures and sewerage lines into and in connection with its said houses; that during the whole time petitioner worked for the said defendant as aforesaid, an experienced and licensed plumber and man was present in the employ of defendant superintending the repairs made in the said sewerage, and all other work done in the plumbing or sewerage line; that for several years the said association has owned and rented out hundreds of houses as residences in Monroe and West Monroe, Louisiana, during which time it has engaged in the building and metal trades in that it engaged in that line of work in building and repairing its houses, repairing and installing water lines and water fixtures and sewerage lines on its lots, and into its said dwelling houses; that petitioner was working for the said defendant at the time he was thus injured, in work the said defendant was having done as part of its trade and business."

To the petition, defendant interposes an exception of no cause or right of action.

From a judgment in the Masling case sustaining the exception of no cause of action and dismissing the suit, plaintiff has appealed.

In the McAllister case, the exception of no cause and right of action was sustained, and plaintiff's demands rejected. It also is appealed. The cases, involving the same question, are consolidated.

The basis of the exceptions is that the facts alleged show that the business and occupation of defendant is not hazardous, and therefore not included in the provisions of the Workmen's Compensation Act.

McAllister was also a plumber, alleged to be regularly employed at a weekly wage to keep in repair the plumbing for the business and dwelling houses owned by defendant. His only allegation as to the business of defendant is: "That the Peoples' Homestead & Saving Association is the owner of a large number of dwelling houses in the city of Monroe, Louisiana; that they rent these houses and keep them in repair, fit for occupancy; that they also own business houses which they also rent and keep in repair for their tenants; that they operate a special and separate department for the upkeep and rent of their houses."

Neither petition alleges that defendant is an association, organized under the provisions of Act No. 120 of 1902, as amended, governing local and foreign building, building and loan, or homestead associations, but we are perhaps justified in so presuming from the fact that the act prohibits any but associations incorporated under it from using in its name the words, "building," "building and loan," or "homestead" association. We find in section 9 of the act (as amended by Act No. 126 of 1926) that: "It shall be lawful for such association to purchase from any shareholder or other person any real estate, improved or unimproved, and to sell or dispose of the same in the same condition, or after improving, repairing or building upon the same, to any member, provided that such association may make sales of property, real and personal, either for cash or on terms of credit."

Among the hazardous occupations named in the Compensation Act is: "Work in any of the building or metal trades in the erection, construction, extension, decoration, alteration, repair or demolition of any build-

ing or structural appurtenances." Act No. 20 of 1914, § 1, subd. 2.

In compensation cases the judge is not bound by the usual rules of evidence or any technical rule of procedure. Even complete absence of allegations that the employer's business was hazardous does not justify the dismissal of plaintiff's suit on the exception of no cause of action. Stockstill v. Sears-Roebuck (La.App.) 151 So. 822, 824; Brown v. Edwards (La.App.) 160 So. 173.

Without intending in any way to pass upon the merits of this case, we are of the opinion that sufficient facts are alleged to entitle plaintiffs to a trial and an opportunity to prove just what business and occupation defendant is engaged in, and that a proper decision and application of the law can only be made after the establishment of this fact.

As we said in the Stockstill Case: "In the present case we cannot foresee what the true facts are. It may be that plaintiff will be unable to establish his case, or bring it within the rules laid down by the courts, herein discussed. It is not our purpose to prejudge the case on the merits, but simply to remand it for trial so that plaintiff may have the opportunity of presenting the facts he relies on to recover."

The judgments appealed from are reversed, and the cases remanded to be proceeded with in accordance with the views herein expressed.