Plaintiff, Robert Scott, instituted this suit to recover compensation from his employer, the Dalton Company, Inc., and its compensation insurance carrier, American Employers' Insurance Company, at the rate of $9.10 per week for a period of four hundred weeks, beginning November 18, 1940, and also the sum of $250 for medical, surgical and hospital expenses. *Page 413 
The lower court sustained an exception of no cause and right of action filed on behalf of the defendants and rendered judgment against the plaintiff rejecting his demand and dismissing his suit. Plaintiff had been permitted to file his suit under the provisions and under the benefit of the Pauper Statute, Act No. 156 of 1912, as amended, and there were therefore no costs taxed or assessed in the judgment. He is now prosecuting this appeal under the provisions of the same statute.
In his petition plaintiff alleges that the Dalton Company, Inc., operates, in connection with its general merchandising business and department store, a cafe or restaurant, its business establishment being located in a brick building on Third Street in the City of Baton Rouge and in addition thereto it operates a fleet of motor driven trucks, numerous electric machines and elevators.
He avers that on or about July 5, 1940, he was employed by the said defendant company as a dish washer, his duties requiring him to operate a dish washing machine, to operate an electrically driven dumb-waiter and that he was also required to lift and carry heavy objects such as cases of can goods, soft drinks, meats, ice, and on certain occasions he also had to move and carry cash registers from one place to another in the said building. He alleges that as a consequence his employment was of a hazardous nature and one coming within the provisions of the Workman's Compensation Statute, Act No. 20 of 1914.
He then sets out that on or about November 2, 1940, while at work and performing services arising out of and incidental to his said employment, he had to lift three filled cases of Coca Cola all in a single load weighing approximately 115 lbs. and had to carry them about fifty feet to a dumb-waiter about three feet above the floor level and in carrying them had to pass between a steam table and a tray service table. It was necessary that he raise the load high enough to pass the top of the said steam table and in doing so he suffered a severe strain and injury which resulted in an inguinal hernia in his left hernial region. He then avers that he suffered pain, nausea and dizziness but continued to work and returned until November 18, 1940.
On November 19, 1940, he alleges that he was examined by an Army physician in order to determine whether he was physically fit for admission to the United States Army when it was discovered that he had a hernia on his left side. That on December 30, 1940, and on January 2, 1941, he was reexamined by Dr. Ashton Robbins at the request of the Dalton Company, Inc., and Dr. Robbins found him to be suffering with the same hernia. He then sets out the amount of wages he received while working for the defendant company based on which he arrives at the rate of compensation he claims to be entitled to.
With the exception of no cause or right of action, and under reservation, the defendants filed their answer in which they raise the same issue of law concerning the nature of plaintiff's employment and the employer's business as presented by the exception. They deny liability, claiming that the hernia with which plaintiff suffers was not sustained by him while in the employ of the Dalton Company, Inc.
The exception is based on the proposition that the petition does not show that the Dalton Company, Inc., plaintiff's employer, was engaged in a hazardous business or that plaintiff was injured while performing any work that was hazardous or incidental to a hazardous business.
The operation of a general merchandise or department store, or of a restaurant, is not designated in the Compensation Statute as a hazardous business. However, as stated by the Supreme Court in the very recent case of Brownfield v. Southern Amusement Co.,196 La. 73, 74, 198 So. 656, 659, "in applying the provisions of the statute to cases where employees are injured in the business not specifically mentioned therein, the inquiry is always whether or not the duties of the injured employee required him to perform services of a hazardous nature incidental to his employment and directly associated with his employer's business." The court further stated that, "it is well settled in this State that where an employee is engaged in both hazardous and nonhazardous work in the same employment, his injury is compensable though it may occur in the performance of a nonhazardous portion of his work." The case of Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303, is then cited as authority for that statement.
Clearly under the allegations of the petition in this case, whilst it would appear *Page 414 
that the principal part of the employer's business is of a non-hazardous nature, as an incident thereto, certain parts of its business, as set out in the petition, are of that character, for certainly the operation of a fleet of motor driven trucks and numerous electric machines and elevators in connection with any business would come within the provisions of the Statute in relation to any employee engaged in the operation of such trucks, machines or elevators.
Plaintiff has not alleged anything whatever which would make his employment come within any of those features of his employer's business as it relates to the operation of motor driven trucks, but from the allegations which are made it might be inferred that his duties required him to perform services at and around certain equipment which is mechanically operated, such as a dish washing machine and an electrically driven dumb-waiter, and in this connection it may well be that his employment and his employer's business was governed by those provisions of the Workman's Compensation Statute relating to the operation of "freight elevators" and of "other forms or machinery," both of which are included in Section 1, paragraph 2, subsection (a) of Act No. 20 of 1914.
It is urged by the defendants that the provisions relating to the operation of freight elevators cannot apply because a dumb-waiter is not an elevator. True it is, that generally in speaking about a dumb-waiter it is not referred to as an elevator but as we appreciate its purpose and the service which it performs, in reality it is a freight elevator, as it is used to convey anything in the line of foods, dishes, groceries or in fact any kind of merchandise from one floor to another in the same building. In this very case, according to the allegation made in the plaintiff's petition it was going to be used to convey three cases of Coca Cola which he was carrying to it at the time he sustained his alleged injury. From its very nature therefore it would seem to us that for the purpose of construing what it is in a compensation suit, in which liberal constructions must apply, it is a "freight elevator" and an employee whose duties require him to operate it might well come under those provisions of the statute relating to freight elevators which we have just referred to.
It may be too that plaintiff can show that his duties as the operator of the dish washing machine which he refers to in his petition would bring his employment within the quoted provisions of the statute. In this connection, defendants refer to the case of Atkins v. Holsum Cafeteria, Inc., et al., La.App., 159 So. 758, in which the Court did hold, under the evidence found in the record, that the dish washing machines used in the restaurant of the defendant in that case were not of that character of machinery contemplated under the provisions of the statute. The evidence in this case, if and when adduced, may convince the Court that the dish washing machine is of an entirely different nature and character and may well be within the contemplation of the Statute.
In the recent case of Allen v. Yantis, 196 So. 530, 532, this Court, in setting aside a judgment appealed from and remanding the case in a suit for workman's compensation, stated in effect that where the petition does not clearly allege the nature of the business of the employer and the duties of the employee in connection therewith, but does set out a relationship of employer and employee and an injury sustained in the course of the employment, the demand should not be dismissed on an exception of no cause or right of action. "In such a case, the plaintiff should be permitted to show by the evidence the nature and character of his employer's business and the kind of work performed by the employee, as well as the manner of sustaining the injury, leaving it for the court to determine from the facts in the case whether or not the work was of such a hazardous nature as to come within the compensation law. Pierre v. Barringer, 149 La. 71, 88 So. 691; Stockstill v. Sears-Roebuck 
Co., La. App., 151 So. 822."
Having reached the conclusion that the petition in this case does state a cause of action in a suit of this kind, we find ourselves obliged to reverse the judgment appealed from it is therefore now ordered, adjudged and decreed that the judgment which sustained the exception and dismissed the plaintiff's suit be and the same is now hereby set aside, annulled and reversed and it is further ordered that the case be remanded to the district court for trial on the merits. All costs incurred herein to await the final determination and judgment in the case. *Page 415