ELLIS, Judge.
Plaintiff has filed this suit on behalf of his minor son claiming compensation for total disability from the Maryland Casualty Company as insurer of the Allen Parish Police Jury for an alleged injury to his son on August 4, 1947, while employed by said Police Jury.
To the petition the defendant filed an exception of no right or cause of action which was sustained by the Lower Court and from which judgment the plaintiff has appealed.
The exception filed by the defendant and the ruling of the lower court in sustaining same was based upon an allegation of the plaintiff’s petition which reads as follows:
“2. That on or about August 4, 1947 in the Parish of Allen, Louisiana, about sixteen miled (miles) north-west of the town of Oberlin, Louisiana, while the said Kenneth W. Turner was in the employ the Police Jury of Allen Parish, Louisiana, at a weekly rate of pay of twenty-one dollars per week or a daily rate of pay of three and 50/100 dollars per day and was performing services arising out of and incidental to his employment in the course of the business of the said Police Jury of Parish of Allen, Louisiana, of building and repairing highways, the said Kenneth W. Turner in his work in connection with a, grader and on a highway of the said parish, stepped upon a clod or some other object in and on the said highway causing him to fall and when he got up immediately fell again, causing and resulting in the- *375 serious, permanent impairment of his right hip, right leg and pelvic area, fraettiring and dislocating his right hip bones and bone of his right thigh and pelvis bones, totally and permanently disabling the said Kenneth W. Turner to do work of any reasonable kind.”
* * * * * *
“4. That the said Kenneth W. Turner is issue and child of the marriage of petitioner and Vernice Horton which occurred in the Parish of Allen, Louisiana, on or about September 5, 1926; that the said Kenneth W.' Turner was born on June 30, 1932.”
The defendant therefore contended in the lower court and again in this court that the petition on its face showed that Kenneth W. Turner, minor son of the plaintiff, •on the date of the alleged accident was less than sixteen years of age and was working in connection with a road grader and that same was a power driven machine and therefore the workmens’ compensation act -of Louisiana did not apply to the minor at .the date of the accident.
This contention is based upon Act No. 210 of 1944 which amended Section 8 of Act No. 301 of 1908, and upon Paragraph 6 of Section 3 of Act No. 20 of 1914, as amended,. Act No. 85 of 1926. Also, Kennedy v. Johnson Lumber Company, La.App., 33 So.2d 558, and Honeycutt v. National Automobile & Casualty Insurance Company, La.App., 41 So.2d 119.
The material and pertinent part of the district court’s opinion is as follows:
“According to the allegations contained in plaintiff’s petition, Kenneth W. Turner was under sixteen years of age at the time of the employment and accident. The next question presented, therefore, is whether according to the petition he was employed about or in connection with power driven machinery.”
“Counsel for plaintiff argues that the allegation contained in the petition to the effect that plaintiff’s .son was employed in connection with a grader is not sufficient to warrant the conclusion for the purpose of the exception that he was employed about or in connection with power driven machinery. The petition does allege, in substance, that the business of the employer was building and repairing highways and that Kenneth W. Turner worked in connection with a grader. Although there is no specific allegation in the petition to the effect that the grader was power driven, this court is satisfied that a grader used in building and repairing highways is a power driven piece of machinery.”
“Since plaintiff’s son was under sixteen years of age and his work was in connection with power, driven machinery, it is obvious that his employment was prohibited by Act 210 of 1944.”
It will be noted that the learned judge of the District Court recognizes in his reasons for judgment that there is no specific allegation to the effect that the grader was power driven, but that he is personally satisfied that such a grader is a power driven piece of machinery. Such a fact is susceptible of proof and should have been proven. It is not an affirmative allegation that it is a power driven machine. There is. nothing in the petition to indicate that the grader had an engine built in or upon it as a part thereof, nor is there anything in the petition to indicate that it was being pushed or pulled by a tractor or any other power machine at the time of the accident. Under the liberal construction given to the compensation act and pleadings necessary thereunder, it would have been proper to have treated the exception of no cause or right of action as one of vagueness and ordered the plaintiff to amend his petition.
It is also shown by the record that counsel for the plaintiff filed a timely motion for a re-hearing, as well as a supplemental motion for a re-hearing, in which he prayed that he be allowed to amend. In this supplemental and amended motion and application for re-hea,ring it was alleged:
“1. That at the time his minor son, Kenneth W. Turner, was injured as alleged in the original petition herein filed by plaintiff, the said Kenneth Turner was not working in connection with any power driven machinery or power driven grader, but was picking up roots and other similar things in .or on the said highway on which he was at work; that standing near within *376 about ten feet of where said Kenneth Turner was injured was a grader which was not in operation; that in case a rehearing is granted herein, plaintiff will, if permitted by the Court file an amended or supplemental petition setting forth that he was not working in connection with any power driven machinery or power driven grader and was not working in connection with any grader whatever, and that the grader which was standing near where he was injured was not in operation.”
“2. That to support the foregoing allegations plaintiff attaches hereto and makes a part hereof the affidavits of I. N. Horton, Rudolph Reid and Kenneth W. Turner, all to effect that they each saw Kenneth Turner at work immediately before he was injured and at the time he was injured, and know he was picking up roots at the time he was injured and that he was not working in connection with any power driven machinery, and that he was not working in connection with the grader which was standing within about ten feet of where he was injured but was not in operation.”
“3. That if the plaintiff is afforded the opportunity in Court in this case to prove the foregoing allegations and the substance contained in said affidavits, plaintiff can and will produce the testimony of the said parties making the said affidavits to show the said Kenneth W. Turner was not working in connection with power driven machinery when thus injured.”
“Wherefore, the plaintiff T. Gilbert Turner, prays that a rehearing be awarded and granted in this cause, and that plaintiff be permitted to file a supplemental petition in this cause therein stating the substance of the foregoing allegations, and be permitted to prove on the trial of this cause that the said Kenneth W. Turner was -not working in connection with power driven machinery or a power driven grader when he was injured as alleged in this suit. Plaintiff prays for general relief.”
In connection with the above petition, counsel for plaintiff annexed as part of said motion three affidavits as set forth in Article 2 of the application. While there is no specific ruling by the court on the application and supplemental application for re-hearing, it was in effect overruled by judgment signed in open court on May 24, 1949 sustaining the exception of no right or cause of action and dismissing plaintiff’s suit.
In the case of Hollinsworth v. Crossett Lumber Co., La.App., 153 So. 722, 723, it was held:
“An exception of no cause of action will lie in a case arising under the Employers’ Liability Act where the failure of allegation is substantial to the extent that, considered on the merits, it would result only in the rejection of plaintiff’s demand. Dewey v. Lutcher-Moore Lumber Co., 151 La. 672, 92 So. 273; Stearns v. Love Drilling Co., Inc., 5 La.App. 174; Gros v. Millers’ Indemnity Underwriters, 1S3 La. 257, 95 So. 709.
“In workmen’s compensation cases, such an exception is only sustained in extreme cases. Clark v. Alexandria Cooperage & Lumber Co., 157 La. 135, 102 So. 96; McGuirt v. Gillespie, 141 La. 586, 75 So. 419; Pierre v. Barringer, 149 La. 71, 88 So. 691; Stockstill v. Sears-Roebuck & Co., La.App., 151 So. 822; McQueen v. Tremont Lumber Co., La.App., 151 So. 683.”
In Reagor v. First Nat. Life Ins. Co., 212 La. 789, 33 So.2d 521, 522, the Supreme Court through Justice McCaleb stated: “On the other hand, the mere failure of plaintiff to allege a cause of action does not authorize the absolute dismissal of his case. Under the well-established modern jurisprudence, he should have been given the opportunity to supply, if possible, the needed allegations by amendment. See Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488; also Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715, where the case was remanded to allow amendment where defect was due to insufficiency of allegation. To the same effect are Beneficial Loan Soc. of New Orleans v. Strauss, La.App., Orleans, 148 So. 85; Messina v. Societe Francaise De Bienfaissance, La.App., Orleans, 170 So. 801; Arceneaux v. Louisiana Highway Commission, La.App., Orleans, 5 So.2d 20 and Simoneaux v. Gonzales, La.App., First Circuit, 4 So.2d 35.”
*377 Therefore, plaintiff should have been granted the relief prayed for in his original and supplemental motion for rehearing.
It is unnecessary to pass upon plaintiff’s second contention.
It is, therefore, ordered that the judgment of the District Court be reversed and the exception of no cause or right of action be overruled and the case remanded to the District Court, and that plaintiff be allowed and ordered to amend his petition in accordance with the supplemental petition filed in connection with his application for rehearing, and the case then be proceeded with in accordance with law.
J. CLEVELAND FRUGE, J., sitting ad hoc.