AYRES, Judge.
Plaintiff instituted this action for compensation under the Workmen’s Compensation Statute (LSA-R.S. 23:1021 et seq.) and, in the alternative, as a tort claim for damages, predicated upon negligence. De-fendapt filed an exception of no cause of action, which, on trial,’ was .sustained by the trial court as to plaintiff’s principal demand asserted for workmen’s compensation and, accordingly, her suit as to said demand was dismissed. From the judgment thus rendered and signed, plaintiff appealed. Defendant has moved for a dismissal of the appeal upon the ground that the judgment is interlocutory, and cites in support of this contention Reeves v. Barbe, 200 La. 1073, 9 So.2d 426, to the effect that no appeal lies or is authorized from such a judgment.
We do not think defendant’s plea is well founded or that the Reeves case finds application in the situation as presented here. In contradistinction, the Reeves case presented an appeal from a judgment sustaining an exception of no cause of action to a part of plaintiffs’ petition in an ordinary action wherein plaintiffs sought to recover 'from the defendant certain sums of money and to be decreed the owners of certain royalty interests standing in the defendant’s name predicated on a verbal agreement of joint adventure respecting two separate tracts of land but only as to one of which it was alleged that the verbal agreement was acknowledged by the defendant in writing, whereas, in the instant action plaintiff’s principal and primary demand is for workmen’s compensation.
Equally distinguishable are the rules of evidence and procedure applicable to the nature of the cases. Under the Compensation Statute, “The court shall not be bound by technical rules of evidence or procedure other than as herein provided, * * *. The court shall decide the merits of the controversy as equitably, summarily and simply as may be.” LSA-R.S. 23:1317. The first of these rules has been held to apply in appellate courts as well as in the courts of original jurisdiction. McClung v. Delta Shipbuilding Co., Inc., La.App., 33 So.2d 438, 443. The court of appeal is directed to give preference such as is given the State on appeal by LSA-R.S. 23:1351, wherein a special right of appeal is granted from any judgment' rendered pursuant to the Workmen’s Compensation Statute.
*685 To deny an appeal from a judgment sustaining an exception of no cause of action to a claimant’s principal demand for compensation because of the pendency of an alternative demand for damages would run counter to the rule prescribed against technical procedure in compensation cases. The denial of an appeal could only result from the application of a form of procedure obviously highly technical. Moreover, we think an appeal lies from the judgment under Code of Practice Art. 566, which provides that:
“One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury.”
Also, such an appeal lies under the test laid down in Fields v. Gagne, 33 La.Ann. 339; State ex rel. Pflug v. Judge, 35 La. Ann. 765, and Feitel v. Feitel, 169 La. 384, 125 So. 280, 281, wherein it was held:
“ ‘If the decree of the appellate court can restore the parties, without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory decree or order complained of, the injury to either party is clearly not irreparable, and therefore the right to appeal does not exist’ * * *".
In the absence of the maintenance of this appeal from the ruling and judgment complained of, the plaintiff is deprived of the summary and expeditious manner and procedure provided for the hearing and determination of workmen’s compensation cases, both in the trial court and in the appellate court, as well as being deprived of the liberality in her favor in the rules of evidence and procedure afforded compensation claimants, together with the statutory presumptions in her favor and the limitations as to defenses. The delay in payment of compensation occasioned by the judgment appealed, if the appeal is not maintained, may well in itself constitute actual and irreparable injury to an incapacitated employee, particularly through the effect of the judgment relegating plaintiff’s principal demand for compensation for trial and determination subsequently to the trial of her alternative demand for damages, which could and, no doubt, would be the outcome through the usual and ordinary course of proceedings and delays, including an appeal. Once this injury is suffered, the status quo cannot be restored.
The grounds urged for dismissal of the appeal, in our opinion, are without merit for the reasons (1) they have no application to workmen’s compensation cases, and (2) the judgment appealed may well cause plaintiff irreparable injury. The motion to dismiss the appeal will,, therefore, be overruled.
The exception of no cause of action was predicated on the assumption that plaintiff worked in a non-hazardous occupation. By reference to the statute, LSA-R. S. 23:1035, it is noted that the operation of power bakeries is listed as one of the hazardous trades, businesses and occupations included within the statute. While the petition does not use the precise phraseology, “power bakery”, as used in the statute, plaintiff does allege that at the time of her injury the defendant owned and operated a combination bakery and restaurant, where she was employed to perform certain duties, among which were the washing of dishes and the operation of electrically operated dishwashers and machines, which she did in the regular course of her employment and in the course of defendant’s business.
In Pierre v. Barringer, 149 La. 71, 88 So. 691, plaintiff brought an action for compensation for the loss of a hand while in the employ of the defendant, a sawmill operator. To plaintiff’s demands, defendant filed an exception of no cause or right of action, which was referred by the trial judge to the merits of the cause. However, after trial on the merits, the exception was maintained and the action was dismissed. As to the sufficiency of the petition in *686 stating a cause of action, the Supreme Court stated:
“A critical examination of the petition, which is carelessly drawn, would show that it does not technically embrace a cause of action. But its general purport shows it to he a suit by an employe against his employer for compensation for an accident while the plaintiff was in the employ of the defendant and while he was supposed to be acting in the performance of his duties. The answer, which was filed at the same time as was the exception, shows quite plainly the above condition of affairs.
“The law * * * provides that:
“ ‘The judge shall not be bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure other than as herein provided. The judge shall decide the merits of the controversy as equitably, summarily, and simply as may be.’
“The exception of no cause or no right of action should have been overruled.”
In Stockstill v. Sears-Roebuck & Co., La. App., 151 So. 822, 823, plaintiff sought to recover compensation for accidental injuries allegedly received by him while in the defendant’s employ but failed to allege that defendant’s business is hazardous within the terms of the statute. Therefore, defendant urged an exception of no cause or right of action. In disposing of that exception, this court stated:
“The allegations of the petition are vague -and somewhat indefinite; details of fact are lacking, which, if set up, would clarify what now is obscure and vague. However, in view of the liberal construction the courts generally place on the allegations of a petition for compensation, and that the technical rules of pleading and evidence are not strictly applied or .enforced in such cases, we believe the exception not well founded in this case, and that a cause of action is set up in the petition sufficiently clear to justify trial on the merits.”
To the same effect is the ruling of the First Circuit Court in Allen v. Yantis, La. App., 196 So. 530, 532, wherein it was stated:
“However, if it cannot be definitely determined from the petition whether or not plaintiff is entitled to compensation because the petition is carelessly drawn and does not set forth clearly the nature of the employer’s business and the duties of the employee, but does allege a relationship of employer and employee and an injury sustained in the course of the employment, the petition should not be dismissed on an exception of no cause or right of action. In such a case, the plaintiff should be permitted to show by the evidence the nature and character of his employer’s business and the kind of work performed by the employee, as well as the manner of sustaining the injury, leaving it for the court to determine from the facts in the case whether or not the work was of such a hazardous nature as to come within the compensation law. Pierre v. Barringer, 149 La. 71, 88 So. 691; Stockstill v. Sears-Roebuck & Co., La. App., 151 So. 822.”
This liberality of pleading in cases of this kind is in line with the spirit as well as the letter of the compensation law, which provides that the courts shall not be bound by the ordinary rules of evidence and the usual technical and formal procedure followed in ordinary cases. It appears well established in the jurisprudence of this State, in compensation cases, that where a petition is carelessly drawn and does not set forth clearly the nature of the employer’s business or the character of the employee’s duties but does allege a relationship of, employer and employee and an *687 accidental injury in the course of the employment, the petition should not be dismissed on an exception of no cause of action. All of such deficiencies, under the liberal rules applied to compensation cases, could he supplied upon trial. Since, in the instant case, the petition does not negative the idea of a power bakery, plaintiff is not precluded from establishing, if it be a fact, that the bakery in which she is alleged to have been employed at the time of the accident comes within the requisite clarification. The petition, therefore, in our opinion, states a cause of action.
Accordingly, the motion to dismiss the appeal is hereby overruled, and it is now further ordered, adjudged and decreed that the exception of no cause of action be and it is likewise overruled, and that this cause be and it is hereby remanded to The Honorable, The Fourth Judicial District Court, in and for Ouachita Parish, Louisiana, for further proceedings consistent with the views herein expressed and in accordance with law; the defendant-appellee to pay the costs of the appeal, other costs to await final determination of the cause.
Reversed and remanded.