## SELIGMAN v. SUN INDEMNITY CO. OF NEW YORK.

### No. 5266.

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

Madison, Madison & Fuller, of Bastrop, for appellant.

H. D. Montgomery and Jas. H. Dormon, both of Monroe, for appellee.

DREW, Judge.

This is a compensation suit which was dismissed below on exceptions of no cause and no right of action, and plaintiff has perfected an appeal to this court.

The following is the petition filed by plaintiff:

"The petition of Hyman I. Seligman, a resident of Morehouse Parish, with respect, represents:

"1. That the Sun Indemnity Company of New York, a foreign insurance corporation duly authorized to carry on and transact business in Louisiana, and actually carrying on and transacting business in Morehouse Parish, Louisiana, is justly, legally and truly indebted unto your petitioner in the full sum and amount of $20.00 per week for a period of nine weeks, beginning December 31, 1934, together with 5% per annum interest thereon on all past due installments until paid, for this, to-wit:

"2. That your petitioner was employed by Seligman, Incorporated, on December 31, 1934, and prior and subsequent thereto, as a clerk and manager of said department stores, the stores being located in Bastrop and Bonita, both in Morehouse Parish, Louisiana.

"3. That your petitioner's duties consist of working in close proximity to dangerous explosives, and in connection with his other duties, the driving and operation of motor vehicles.

"4. That your petitioner, while engaged in the actual performance of his duties, had sold a suit of clothes and it was necessary to have the suit altered. In order to do this, your petitioner was walking from the store in Bastrop to Jack's Laundry, an altering concern about one block from the store, and the sidewalk at that time being very slippery, your petitioner,

in some manner, fell and injured his chest, breaking the fourth rib and bruising the muscles and ligaments in and around this area of the chest. Your petitioner had a shoe horn in his vest pocket at the time, and when he fell the shoe horn struck the pavement and pressed against your petitioner's chest, all of which aided and contributed to the exaggeration of the injury.

"5. Your petitioner called a physician the next morning, his chest was blue from the injury and his condition so painful that he could not move or turn over in bed; that he was treated by said physician, his chest was strapped and held in a rigid condition by tape.

"6. Your petitioner was treated from January 1, 1935, to March 4, 1935, and the doctor was frequently called to his home and he made frequent visits to the office, all of which will be more fully shown at the trial of this case.

"7. That during this interim your petitioner was unable to attend to his business, being unable to wait on his trade, could not bend over and any slight exertion was attended by severe pains and serious discomfort, all of which extended over a period of nine weeks.

"8. That your petitioner was earning $200.00 per month, or approximately $47.50 per week at the time of the aforesaid accident.

"9. That said accident arose out of an act out of petitioner's employment with Seligman, Inc., while your petitioner was actually engaged in the performance of his duties.

"10. That your petitioner, as stated above, was a clerk and manager of the said Seligman, Inc., and had entered into a written contract with the said Sun Indemnity Company of New York, as evidenced by Policy No. 147657, whereby your petitioner was to be recompensed for any injuries which he might receive in accordance with the Workmen's Compensation Act of the State of Louisiana.

"11. That Seligman, Inc. was insured at the time of the aforesaid accident by the Sun Indemnity Company of New York and said insurance was in full force at the time of said accident, all of which will more fully appear by the receipted bill attached as Exhibit A.

"12. That said contract between employer, Seligman, Inc., and the said Sun Indemnity Company of New York provided for the prompt payment to your petitioner of any awards which may be rendered under the Workmen's Compensation Act. That said contract of insurance between Seligman, Inc. and the said Sun Indemnity Company of New York is a direct obligation by the said Sun Indemnity Company of New York to pay to your petitioner the amount due under the Workmen's Compensation Law, and is enforcible in your petitioner's name, all as provided by Act No. 20 of 1914, as amended.

"13. Your petitioner avers amicable demand made repeatedly without avail.

"Wherefore, petitioner prays: That Sun Indemnity Company of New York be duly cited to appear, according to law, and answer this petition, and after all legal delays and due proceedings had, that there be judgment in favor of your petitioner, and against the Sun Indemnity Company of New York, in the full sum and amount of nine weekly installments of $20.00 per week, beginning December 31, 1934, together with 5% per annum interest thereon on all past due installments until paid.

"Your petitioner further prays for all other orders and decrees necessary or proper in the premises, and for costs, and for full, general and equitable relief."

Defendant's contentions are:

1. That the petition does not disclose that defendant was engaged in a hazardous occupation, as defined by the Workmen's Compensation Act of this state; and

2. That it does not allege that defendant did not pay him his regular salary during the period of his disability.

The lower court did not pass upon the second contention, as shown by the opinion, which is written and is as follows:

"In this case, the exception of no cause and no right of action is sustained and the demands of plaintiff rejected at his costs for the reason that the petition fails to disclose the nature of the business Seligman's, Inc., was engaged in at the time of the accident, and for the further reason that there is no allegation that Seligman's, Inc., the employer, and the plaintiff, employee, had elected prior to the accident to come under the Compensation Law, it being the opinion of the court, in order to state a cause of action, it is necessary to allege sufficient facts to show that the corporation was engaged in a hazardous business, trade, or occupation within the

meaning of the Workmen's Compensation Act, or that by agreement entered into between the plaintiff and the employer corporation before the accident, they had elected to come under the operation of the act. It being the further opinion of the court that no liability on the part of the insurance corporation under the bond would be shown or a cause of action stated against same, unless the petition contained allegations as to hazardous occupation or an agreement between employer and employee, as above set forth."

The lower court was clearly in error in sustaining the exception of no right of action. In order to sustain an exception of no right of action, it must be clear that plaintiff has alleged all he can allege, or that by his positive allegations made he has cut himself off from making further allegations, and that under said allegations he has no right to sue or recover judgment.

In this case it is true that plaintiff has not definitely alleged facts to show defendant was engaged in a hazardous occupation, as defined by Act No. 20 of 1914, as amended. In fact, he has not alleged facts to show what was the nature of defendant's occupation or business, other than by inference. It may have been an unintentional omission or that he could not allege facts to show that defendant's occupation or business was hazardous. This, the petition does not disclose, nor is there any positive allegation in the petition which would cut him off or estop him from making allegations of fact to show the occupation of defendant was hazardous, if it were an unintentional omission in preparing the petition. It therefore follows that the exception of no right of action sustained below is erroneous.

As to the exception of no cause of action, we fully realize there are some cases which hold that the omission of essential allegations from the petition in suits under the Workmen's Compensation Act warrants the sustaining of an exception of no cause of action; but the trend of the later cases is that an exception of no cause of action in such cases will not be sustained, unless the petition clearly discloses that petitioner has no right of action. In Brown v. Edwards, 160 So. 173, we reviewed and discussed a number of these cases.

The Workmen's Compensation Act (No. 20 of 1914, as amended by Act No. 85 of 1926, p. 122) contains the following provision:

"The Judge shall not be bound by technical rules of evidence or by technical rules or procedure other than as herein provided. * * * The judge shall decide the merits of the controversy as equitably, summarily and simply as may be." Section 18.

While it is true that if the exception in this case were governed by the same principles which apply to ordinary actions, it would have to be sustained, but under the above provisions of the act, it is not necessarily so governed.

In the case of Brown v. Edwards, supra, we held petition in compensation suit which alleged existence of master-servant relationship and injury and disability resulting from accident arising out of and in course of employment was not dismissible, notwithstanding that allegation of employment was mere conclusion of pleader and that petition did not allege hazardous nature of employer's business, but was remanded to give employee opportunity to amend. Act No. 20 of 1914, as amended.

The petition in this case goes further, by inference at least, than the petition in the Brown Case. In paragraphs 2 and 3 of this petition, plaintiff alleged he was employed as a clerk and manager of the department stores operated by defendant, and that his duties consisted of his working in close proximity to dangerous explosives and in driving and operating motor vehicles. He does not allege that the department stores of defendant consisted of a department wherein dangerous explosives were kept for sale, use, storage, or otherwise, but it is not difficult to infer same from the allegations. If such be true, the business and occupation of defendant was a hazardous one and plaintiff has a right of action.

The second contention of defendant, we think, is without merit; however, if there is any merit to it, what we have said on the first contention is applicable likewise to it.

Plaintiff is entitled to have his day in court and to be heard on the merits of the case. Defendant is also entitled to know what facts plaintiff claims make its business hazardous; therefore, in the interest of justice and equity the case should be remanded to the lower court in order that plaintiff may amend his petition by setting

out the facts he contends will bring defendant under the provisions of the Workmen's Compensation Act of this state.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is reversed and the case is remanded to the lower court to be proceeded with, in accordance with the views herein expressed; cost of appeal to be paid by appellant.