No. 3515

Second Circuit

SYNDER v. KOLB ET AL.

(July 1, 1929. Opinion and Decree.)
(October 1, 1929. Rehearing Refused.)

T. A. Carter, of Alexandria, attorney for plaintiff, appellee.

Gus · A. Voltz, of Alexandria, attorney for W. E. Kolb, defendant, appellant.

REYNOLDS, J. This is a suit under the Workmen's Compensation Act. Plaintiff alleges—

"That, on October 4, 1928, at or near Lecomte, in Rapides parish, Louisiana, while your petitioner was working in the employ of W. E. Kolb and Howard Simpson at the rate of $2.50 per day, in the occupation and position of operating a rip-saw, a piece of timber flew off said saw, striking your petitioner's leg and breaking the same between the knee and body; and that as a result and cause thereof he believes and therefore alleges that he will be wholly unfit for the work for which he is equipped, to-wit; That of saw-milling.

*   *   *

"He shows that when he was employed at the said mill, the said Howard Simpson posed as manager of the mill for the said W. E. Kolb. That since his injury your petitioner is informed and therefore alleges that he had the saw-mill leased. That from the various and counter claims of the said W. E. Kolb and Howard Simpson, your petitioner is unable to tell what the true conditions are, and for that reason brings this suit against both W. E. Kolb and Howard Simpson individually and in solido."

He further alleges that he incurred medical expenses amounting to $128.40 in connection with attention to his injuries.

And he prayed for judgment against W. E. Kolb and Howard Simpson in solido for $9.75 a week for 300 weeks, beginning October 4, 1928, with legal interest on each payment from its maturity, and for $128.40 for medical expenses incurred.

The defendants filed separate answers.

Simpson denied that plaintiff was employed by him and alleged that the sawmill was being operated by Kolb and was owned by him and that he, Simpson, was an employee of Kolb.

Kolb also denied that plaintiff was his employee and also denied that Simpson was his employee, and alleged that he had leased the sawmill to Simpson and that Simpson was operating it for his own account and that plaintiff was Simpson's employee.

On these issues the case was tried and there was judgment in favor of the plaintiff and against Simpson for $9.75 a week during disability, not exceeding 175 weeks, with legal interest on each payment from its maturity, and rejecting the plaintiff's demands and dismissing his suit as against Kolb.

From this judgment the plaintiff appealed.

Neither of the defendants appealed nor has Simpson answered the plaintiff's appeal.

OPINION.

The only complaint plaintiff makes against the judgment is that it was not also against Kolb as well as Simpson and in solido.

His counsel says, in brief:

"Judgment was rendered in favor of Synder, as prayed for, against one of the defendants, Simpson; releasing the other defendant, Kolb; and this appeal is taken for the purpose of holding Kolb responsible for the accident."

And he asks—

"That the judgment of the lower court * * * be annulled, reversed and set aside, in so far as Kolb is concerned, and that there * * * be judgment in favor of the plaintiff, Tobe Synder, and against W. E. Kolb as well as against Howard Simpson."

Therefore the only question presented for our decision is whether W. E. Kolb is liable to plaintiff.

Kolb does not seriously contend that plaintiff was not injured as alleged by him or that his injuries did not temporarily totally deprive him of the use of his leg.

Simpson swore that at the time plaintiff was injured he was employed by Kolb and that he also was employed by Kolb as his mill foreman and that the sawmill belonged to Kolb and was being put in condition for operation after having been moved to where it was at the time of the accident from elsewhere.

On the other hand Kolb swore that he had leased the mill to Simpson and that it was being operated by Simpson and that plaintiff was Simpson's employee and not his.

The testimony of the defendants is directly in conflict with each other on this point, but we think the circumstances show that Kolb was a principal and Simpson a contractor and liable to plaintiff in solido.

Kolb was the owner of the sawmill and was engaged in the business of operating a sawmill. He alleged, in paragraphs 10 and 11 of his answer:

"Your respondent shows that he owns a tract of timber * * * that on or about the 1st of September, 1928, respondent and one Howard Simpson, one of the defendants in this suit, entered into a contract whereby the said Simpson contracted to cut all of the timber, haul same to the mill, and manufacture same into cross ties or lumber; that, under the terms of the contract, the said Simpson agreed to cut the said timber, haul same to the mill, and manufacture same and deliver the manufactured cross ties and lumber at Pineville and Alexandria; the said cross ties to be delivered at Alexandria and said ties to be delivered at Alexandria and said lumber to be delivered at Pineville, Louisiana; your respondent agreeing to pay $13.50 per thousand feet, board measure, for the cross ties, delivered at shipping point on railroad, and $11.50 per thousand feet, board measure, for the lumber, delivered at shipping point on railroad.

"Your respondent shows that he owned a small saw-mill which he leased to the said Simpson at the same time that he entered into the contract with the said Simpson for the cutting, hauling and manufacturing of said timber.

"Respondent shows that the consideration for the said lease of the said mill by respondent to said Simpson was fifty cents per thousand feet, board measure, for all ties and lumber manufactured in the said mill, to be paid by the said Simpson to your respondent."

The evidence shows that Kolb owned the timber that was to be converted into cross ties or lumber and that he owned the sawmill at which the timber was to be so converted, and that he advanced Simpson money with which to pay the labor employed in and other expenses incurred in operating the mill, settling with Simpson therefor every two weeks and deducting the money so advanced as well as the 50 cents per thousand feet, board measure, of all cross-ties and lumber sawn, for the use of the mill.

We are of the opinion that Kolb was a principal and Simpson a contractor in the operation of the sawmill, within the meaning of section 6 of the Workmen's Compensation Act (Act No. 85 of 1926) which provides—

"That where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation, or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall

be liable to pay to any employee employed in the execution of the work or his dependent any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him; and where compensation is claimed from or proceedings taken against the principal, then, and in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed."

Kolb was the owner of timber and of a sawmill and contracted with Simpson to operate the sawmill and convert the timber into cross-ties and lumber at the price of $13.50 per thousand feet, board measure, for the cross-ties, and $11.50 per thousand feet, board measure, for the lumber, delivered at shipping point; of these amounts, 50 cents per thousand representing the price of the use of the sawmill for the purpose and the balance representing the contract price of converting the timber into cross-ties and lumber.

Kolb was therefore liable to plaintiff as the employee of Simpson for compensation for the injuries sustained by the plaintiff accidentally in the course of his employment by Simpson.

Carter vs. Colfax Lumber & Creosoting Co., 9 La. App. 427.

Plaintiff suffered temporary total loss of use of his leg by reason of the injury sustained.

Section 8, subsection 1, paragraph (d), clause 14 of the Workmen's Compensation Act, as amended by Act No. 242 of 1928, provides that—

"in no case shall compensation for an injury to a member exceed the compensation payable under this act for the loss of such member"

and for the loss of a leg, it is provided in clause 8 of the same section, subsection, and paragraph, that the compensation shall be—

"sixty-five per centum of wages during one hundred and seventy-five weeks."

At the time of the accident and injury to plaintiff he was earning $15.00 a week and consequently he was entitled to 65 per cent of this sum, or $9.75 a week, during disability, not exceeding one hundred and seventy-five weeks.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided and reversed in so far as it rejects the demands of the plaintiff and dismisses his suit as against the defendant W. E. Kolb, and it is now ordered, adjudged, and decreed that the plaintiff, Tobe Synder, do have and recover judgment against the defendant W. E. Kolb for compensation of $9.75 per week during disability, not exceeding one hundred and seventy-five weeks, with legal interest on each payment from its maturity until paid, the first payment being decreed due as of date October 11, 1928, together with all costs of suit.