Plaintiff brought this suit to recover compensation at the rate of $10.40 per week from May 28, 1940, for a period not to exceed 400 weeks, for injuries he received while employed as a carpenter in the construction of a motion picture theatre building on a lot owned in indivision by Dr. R. Kossuth Comeaux and Ulysse B. Landry in the village of Youngsville. The original defendants were Romero Theall, a commercial partnership composed of Paul Romero and Clifford Theall, and the individual members thereof, National Casualty Company, its compensation insurance carrier, Dr. R.K. Comeaux and U.B. Landry.
Plaintiff alleges that on May 28, 1940, the day of his injury, he "was in the employ of Dr. R. Kossuth Comeaux, Ulysse B. Landry and/or Romero Theall". By virtue of such averment Romero 
Theall filed a motion to elect, and the plaintiff then dismissed his suit as to Dr. Comeaux and Mr. Landry, and elected to prosecute the suit only as against the partnership and its compensation insurance carrier.
The allegations of the petition are that, at the time of his injury he was in the employ of the said defendant partnership, which was engaged in the contracting business, as a carpenter in the construction of a theatre building being erected for Dr. Comeau and Mr. Landry; that he fell from a scaffold, receiving an injury to his ankle, for which he was paid compensation to the amount of $58.40, and also received medical attention furnished by the insurer.
The defense of the partnership and its compensation insurance carrier is that the plaintiff was not in the employ of the partnership at the time he sustained his injury, but was in the employ of Dr. Comeaux and U.B. Landry.
Upon trial, judgment was rendered in favor of the defendants, dismissing the suit. Plaintiff has appealed.
The evidence shows that Dr. Comeaux and Mr. Landry owned a vacant lot in the village of Youngsville upon which they desired to erect a building to be leased for the purposes of a motion picture theatre. They obtained plans and specifications for such purpose from Romero Theall, a partnership selling lumber at retail and also *Page 76 
acting as contractor in the construction of buildings. The evidence further shows that the construction of this building was under the direct supervision of Mr. Landry, a co-owner of the lot and in the building to be constructed, and not as a contract job of the firm of Romero Theall, as admitted by plaintiff in his brief before this court. However, plaintiff contends that even though Romero Theall were not the contractors for the building, yet he had been employed by the partnership firm as an employee in the construction of the building and that therefore the firm and its insurer should be held liable to him for compensation.
This case presents purely and simply a question of fact, that is, In whose employment was plaintiff at the time he received his injury?
The gist of plaintiff's testimony is to the effect that he went to work on the job on May 22; that prior thereto he had had a conversation with Mr. U.B. Landry, who informed him that he had a building to construct within a few days, and he, in turn, informed Mr. Landry that carpentry was his line and that he would work for anyone who would request his services; that after Mr. Landry told him he had a job and after having seen the beginning of the construction, he went the early morning of May 22 to Romero Theall's lumber yard, with his tools, to work, and Mr. Paul Romero then instructed him to report to the job; that he reported to Mr. Landry in accordance with Mr. Romero's instructions; that Mr. Landry who "was placing the men", allowed him to work; that Mr. Willie Langlinais was foreman, and Mr. Clement Simon was time-keeper; that he understood that Mr. Romero had the job and did not consider Mr. Landry as being in full charge.
In corroboration of his testimony, the plaintiff filed a report of the accident given by Mr. Paul Romero, written in Romero's handwriting, wherein it is stated that the injury received by the plaintiff was received by him in the employ of Romero Theall and that Paul Romero was the foreman, setting out the time of the accident, the manner in which it happened, his rate of pay, the witnesses to the injury and the attending doctor.
The defendants offered the testimony of Mr. Paul Romero who categorically denied that he had employed plaintiff to work on this job or that he had sent the plaintiff to work. Mr. Romero explained the manner in which he had made the report relied upon by plaintiff. He states that when he was informed of plaintiff's injury, he prepared the report of the accident from information received from his "office manager", believing at that time that plaintiff was working for him on one of the several construction jobs that he had in and around Youngsville; that when he was informed by his auditor that plaintiff was not working for him at the time of the accident, he immediately gave notice to his compensation insurance carrier of the mistake.
The defendants then offered the testimony of Mr. Landry, who testified that he and Dr. Comeaux undertook the construction of the building on their lot as a joint enterprise; that he personally hired the plaintiff to work on the building and had paid him for his services; that he had Clement Simon as time-keeper on the job and paid the employees in accordance with the time sheet submitted by Simon; that Romero Theall had no connection with the construction of the building, save the furnishing of such materials which was bought by him and Dr. Comeaux in the construction thereof, which materials were fully paid for by check. In connection with his testimony, the payroll furnished to him was offered in evidence, and also the check to Romero Theall showing a full payment of such materials purchased from the partnership firm.
Dr. Comeaux's testimony is to the effect that the building was constructed by Landry and him as a joint account, and not as a contract, with Landry in charge; that Landry was to buy the material, employ the laborers and pay them, and that he would reimburse Landry for his share, which he did.
The defendants offered the testimony of fellow employees of plaintiff which show that they were all employees of Mr. Landry and not of Romero Theall, and had been paid by him. These fellow employees were cited by the plaintiff, but their testimony was offered by the defendants.
It is significant to note that Clement Simon, a fellow employee of the plaintiff, states that he was employed by Mr. Landry in the construction of this building, and that one of his duties was to be the time-keeper of himself and the other employees, and that as such he entered plaintiff as an employee of Mr. Landry rather than of Romero *Page 77 Theall; that plaintiff had been hired by Mr. Landry and had been paid by him, and plaintiff's name appears on the payrolls of Landry.
Plaintiff, as a last resort, contends that defendants should be estopped from contending that he was not an employee of Romero 
Theall, in that Mr. Romero reported the accident, and in that report he was classified as one of the employees of the partnership firm and that, from this report, compensation was paid to him as such for a period of weeks. The evidence shows that some time in July or August, 1940, the auditor of the partnership firm ascertained the fact that the plaintiff was not an employee of the partnership firm and immediately reported the same to Romero Theall; that immediately thereafter Romero 
Theall notified plaintiff and its insurer of the error, and the insurer ceased the payment of compensation. The compensation statute provides that the payment of compensation is not to be considered as admitting liability, and the error committed has been satisfactorily proven. We see no merits in his contention.
It seems clear from the foregoing evidence that the trial judge concluded that the plaintiff was employed by Dr. Comeaux and Mr. Landry and not by defendants at the time of his accident, and we find no error in such conclusion. The judgment is affirmed.