GLADNEY, Judge.
The plaintiff, Eddie Williams, secured judgment against the Consumers Ice Company, Inc. for workmen’s compensation of $27.30 per week for the duration of disability not exceeding four hundred weeks. From this judgment 'Consumers Ice Company, Inc. has appealed. -
Counsel for appellee and appellant are in agreement that the only question herein presented is whether Eddie Williams was an employee of Consumers Ice Company, Inc. at the time he suffered injury, there being no dispute as to the accident, the injury, plaintiff’s ■ rate of pay, or his disability. The defense asserted is succinctly stated in the answer of the respondent corporation:
“That it is not and has not been engaged in the ice business for many years, including the time prior to the complained of accident; that it is merely the lessor of the premises in which the accident is alleged to have happened having leased these premises to Samuel R. Morgan, Sr.”
Stated another way, Samuel R. Morgan, Sr. is alleged to have been the employer of Williams at the time of his injury. Morgan testified to this effect. Whether this is a fact or not is the center of controversy between the litigants.
Williams on May 31, 1952, while employed at an ice manufacturing plant owned by appellant and located at 828 Caddo Street, Shreveport, Louisiana, was engaged in scoring ice when he received injuries to his right hand and arm which necessitated severance above the wrist.
The property at 828 Caddo Street was inherited by Mrs. Maude W. Morgan, wife of S. R. Morgan, Sr., who commenced operating the plant either in his own behalf or for his wife as the Consumers Ice Company. On March 1, 1947, the business was incorporated. The charter named Mrs. Morgan, president, S. R. Morgan, Jr., vice-president, and Charles Elkins, secretary-treasurer. Under its charter the corporation was empowered to manufacture and process ice.
Morgan testified that he verbally leased the physical assets of the corporation for a consideration of $20,000 per annum. No rental payments have been made. There was no resolution of the Board of Directors authorizing such a lease. It appears the stockholders, directors and officers have not called a meeting since it came into existence. The corporation has no bank account and has filed no income tax returns. In fact, it does not appear that it has performed any of its corporate powers except by instigation or sufferance of S. R. Morgan, Sr. All business conducted at 828 Cad-do Street, according to Morgan, was done in the trade name of Consumers Ice Company which he individually owned and operated. He says the method and manner of operation were the same before as after the incorporation with the corporation merely holding title to the physical property.
The trial judge refused to subscribe to the stand of Morgan and in a written opinion pointed to instances of contradictions in his testimony and to evidence that the corporation appeared in court on numerous occasions, on some of which the testimony of Morgan was inconsistent with his testimony in the instant case. " Counsel for ap-pellee filed into the record undisputed evidence that the corporation rented a telephone at the plant, that it was either plain *248 tiff or defendant in nine suits filed in the District Court of Caddo Parish, the subject matters of such suits clearly dealing with controversies arising from the operation of an ice business. In these suits the corporation was represented on separate occasions by three different attorneys. In not one was exception taken to the capacity of the corporation to sue or to stand in judgment. It is inconceivable that three different attorneys should represent the appellant herein in nine separate suits and not know its proper legal capacity. Yet this is the position taken by1 appellant.
We think the record reasonably indicates that S. R. Morgan, Sr. completely absorbed the corporation and used its properties as his own. If it had any separate existence its affairs were completely dominated by Morgan. Thus, the business of Morgan referred to as the Consumers Ice Company was and is the same as that of appellant.. Williams was an employee of Morgan, doing business as the Consumers Ice Company and an employee of Consumers Ice Company, Inc. The businesses are as one. The judge a quo held appellee was an employee of the appellant and awarded compensation and we think correctly so. There is no manifest error in such holding.
Counsel for appellant have cited the following cases as authority for holding Williams was not an employee of Consumers Ice Company, Inc.: Thomas v. Berwick Ice & Fuel Co., La.App.1933, 145 So. 384; Light v. Louisiana Shows Co. Inc., La.App. 1936, 170 So. 505; Langlinais v. National Casualty Co., La.App.1942, 11 So.2d 75.
In the first' cited case the court found the alleged employer had discontinued business prior to the time plaintiff claimed he suffered an accident. In rejecting the demand of Thomas, the-court also found his injury was of a chronic nature and was not an employment injury. The case presents facts dissimilar to those in the instant case. In Light v. Louisiana Shows Co. Inc., the only evidence of plaintiff’s employment with defendant was his testimony that he was employed by one Ralph Miller to work on a merry-go-round. Miller testified he had no connection with defendant and had not hired plaintiff. Harry Burke testified, he owned the merry-go-round, that he had employed plaintiff and defendant had nothing to do with his business. The court had no trouble in holding plaintiff was not an employee of defendant. The case of Langlinais v. National Casualty Co., simply held a carpenter was an employee of the owners in the construction of a building and not of á partnership which only furnished the plans and some of the material, and had nothing to do with the employment of workmen for the job. All of these cases were decided upon facts entirely different from those presented in the record before us.
If we were in doubt as to whether Williams is an employee of the Consumers Ice Company, Inc., we are of the opinion he would still be entitled to workmen’s compensation under the provisions of LSA-R.S. 23:1061, Acts 1914, No. 20, § 6(1) (2), which stipulate:
“Where any person (in thi.s section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person' (in this section referred to as contractor) for the execution by or Under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
*249 “Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay com.pensation to the employee or his dependent, and shall have a cause of action therefor.”
The purpose of the quoted section was to prevent the evasion of compensation by an employer engaged in a hazardous trade when the work let by the contract is a part of the regular .business of the principal. In Snyder v. Kolb, 1929, 11 La.App. 414, 123 So. 454, the defendant urged as a defense that he owned a small sawmill which he leased to one Simpson at the same time he entered into a contract with Simpson for the cutting, hauling and manufacturing of said timber and he was to be paid a. consideration for said lease at the rate of fifty cents per thousand feet for the lumber manufactured. The defense was rejected and compensation allowed under the provisions of section 6 of the Workmen’s Compensation Act to the employee of Simpson who was injured while operating a saw in the mill.
See also Malone’s Louisiana Workmen’s Compensation Law and Practice, §§ 121, 122, 124, 125 and 126. On page 157, the author says:
“So long as the contracted work is a part of the general physical operations of the principal’s hazardous business, this problem will not present any difficulty, because oitr courts have consistently held that the hazardous character of the principal’s work is shared by all subordinate but necessary enterprises that serve it.” (Emphasis added.)
The business of appellant being the manufacture of ice, the contract with Morgan, whether it be a lease or not, renders it liable for workmen’s compensation to an employee of Morgan injured while scoring or cutting ice within the scope of his employment.
The judgment from which appealed should be and is hereby affirmed. Appellant is taxed with all costs of this suit, including costs of this appeal.