85 So.2d 315 (1956)
Eugene B. WYNN, Plaintiff-Appellant,
v.
FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant-Appellee.
No. 8408.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1956.
Rehearing Denied March 2, 1956.
Writ of Certiorari Denied May 7, 1956.
*316 Malcolm E. Lafargue, Shreveport, for appellant.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, for appellee.
GLADNEY, Judge.
Plaintiff, Eugene B. Wynn, instituted this action to recover workmen's compensation against the Fidelity and Casualty Company of New York, as the insurer of Southern Building Supply Company, a commercial partnership, composed of Jacob Greenberg and Nathan Meisel. From a judgment rejecting his demands plaintiff has perfected this appeal.
On March 13, 1954, pursuant to an understanding between Maxwell H. Glenn, a representative of the Southern Building Supply Company and W. T. Skains, Skains appeared and began the removal of a partition wall in the building of the Southern Building Supply Company and within a short time thereafter was joined by Eugene B. Wynn. Wynn had worked but a short time when a section of the partition, 40 feet in length and 8 feet high, fell upon him inflicting injuries admittedly of a permanent and total nature.
It is disclosed by the record that Glenn and Skains had reached an understanding or agreement whereby Skains would remove the partition in consideration of receiving the salvage material therefrom. Skains told Glenn it would be necessary for him to bring with him an additional man and Glenn tendered the service of several colored unskilled employees for use in the undertaking.
Southern Building Supply Company was at the time of the accident engaged in selling building materials and supplies and operated a lumber yard in connection with its business. It also participated in contracts involving the repair and remodeling of houses, although it maintains that the latter work was done exclusively through independent contractors, contending that its only connection with this type of business was soliciting the customers, furnishing lumber and materials, cost estimates, and financing service.
Counsel for appellee argues plaintiff should be denied recovery principally on two grounds: first, as Wynn was not an employee of either the insured or Skains, but a volunteer, and second, for the reason no contractual relationship existed between Wynn and the insured.
*317 Although the evidence relating to the employment of Wynn by Skains is to a certain extent conflicting, both Wynn and Skains testified Wynn was employed by Skains at the regular union scale of $2.45 per hour and that Wynn customarily worked 40 hours per week with time and one-half overtime. Appellee's position is based on a contradictory statement in writing made by Skains five days after the accident in which he declared he and Wynn desired to obtain the salvage material from the undertaking for the purpose of erecting a workshop on the premises of Skains for their joint use. Skains and Wynn testified actual wages were agreed upon but since both recognized Skains could not immediately pay Wynn, no definite time for payment for Wynn's services was agreed upon. The preponderance of the evidence, we think, shows Wynn was employed by Skains at the union scale mentioned above.
The second point urged by appellee is that there was no contractual relationship between Wynn and Southern Building Supply Company and that in consequence thereof, workmen's compensation is not due. This argument is predicated on the assumption that Skains was an independent contractor.
The facts unquestionably show that the business engaged in by Southern Building Supply Company falls within LSA-R.S. 23:1035 of the Workmen's Compensation Act, which expressly provides the act shall apply to every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation, and enumerates as being of a hazardous nature employment in lumber yards, building material yards, woodworking establishments, and work in any of the building trades or in the erection, construction, extension, alteration, repair or demolition of any building or structural appurtenance. Therefore, because of its operations the business of the Southern Building Supply Company must be classified as hazardous and within the comprehension of the Employers' Liability Statute.
Furthermore, under LSA-R.S. 23:1061 of the Workmen's Compensation Act where work is undertaken which is a part of the trade, business or occupation of the principal who contracts with a person for the execution thereof of the whole or any part of the work so undertaken, the principal is made liable for workmen's compensation to any employee employed in the execution of the work. Consequently, if the business of the principal is the construction or repair of buildings he cannot let out his work by contract and avoid the responsibility for payment of compensation. According to Malone's Louisiana Workmen's Compensation Law & Practice, page 153, this would be true even though the defendant operated exclusively through contractors and engaged only indirectly in building work, since the purpose of the Act is to prevent evasion through resort to contractors when the business of defendant is the trafficking in work of this sort. Turner v. Oliphant Oil Corporation, La.App.1940, 200 So. 513. The Workmen's Compensation Act, LSA-R.S. 23:1021, accords the words "independent contractor" the following comprehensible definition:
"`Independent Contractor' means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter."
Recently the Supreme Court in Speed v. Page, 1952, 222 La. 529, 62 So.2d 824, 828, had occasion to review a ruling of this court which presented for our consideration the pronouncements of the Supreme Court in the case of Shipp v. Bordelon, 1922, 152 La. 795, 94 So. 399, Caldwell v. George *318 Sproull Company, Inc., 1936, 184 La. 951, 168 So. 112, as well as certain opinions by the courts of appeal of this state. In affirming the judgment of this court, Chief Justice Fournet held:
"It is our conclusion, therefore, that where the operator of an admittedly hazardous business, in the conduct of that business undertakes repair, whether it be of the building housing the same or the equipment therein, rather than have it done under contract, his employees come under the protection of the employers' liability laws of this State."
In Speed v. Page, the employer was engaged in a motion picture business which included certain operations admitted to be hazardous. The employee was engaged as a laborer to assist in the work of demolishing and reconstructing the theater owned by Page. The defendant denied that he was in the business of demolition or construction work and denied that plaintiff had to come in contact with the hazardous features of his own business, since the motion picture business was not in operation during plaintiff's employment on the premises. Speed, it is true, was an employee of Page, whereas Wynn was not directly employed by Southern Building Supply Company. But, be this so or not, LSA-R.S. 23:1061, as pointed out above, erases the distinction sought to be drawn in favor of defendant's insured, and Wynn must be considered entitled to be paid workmen's compensation the same as if he had been employed directly by the insured. Had one of the insured's colored employees been injured rather than Wynn, such accident would have brought about the same legal result determined in Speed v. Page. The analogy between the cited case and the instant case is apparent when we consider Southern Building Supply Company was engaged in a hazardous business and that plaintiff Wynn was injured while engaged in work which was essentially consistent with the type of business conducted by it.
Under the provisions of the Workmen's Compensation Act above referred to, particularly LSA-R.S. 23:1021 and 1061, Southern Building Supply Company was as much responsible for the payment of workmen's compensation to Wynn as if it had employed Wynn directly. See Belaire v. Elder, La.App.1950, 49 So.2d 508; Williams v. Consumers Ice Company, La.App. 1953, 68 So.2d 246.
It is the finding of this court: (1) That plaintiff herein, Eugene B. Wynn, was at the time of his injuries an employee of Skains; (2) that Southern Building Supply Company was liable for workmen's compensation to Wynn as an employee of Skains as the work being performed by Skains and Wynn was an integral part of the business in which Southern Building Supply Company was customarily engaged; (3) that the plaintiff was rendered totally and permanently disabled within the meaning of the Workmen's Compensation Act, and (4) he is entitled to recover compensation predicated on wages of not less than $2.40 per hour or $19.40 per day.
Our attention is further directed to a petition of intervention filed on behalf of the Confederate Memorial Medical Center. Right to recovery is accorded under LSA-R.S. 46:11, 13 and 15 for the services rendered to plaintiff herein. The record indicates that the items which compose this claim have been adequately proven and judgment will be rendered as prayed for.
Counsel for plaintiff earnestly insist that petitioner is entitled to have invoked in this case the provisions of LSA-R.S. 22:658, imposing penalties in the nature of damages and attorneys' fees due to failure of the defendant to make payments within sixty days after receipt of proof of demand. In our opinion, though in error in its assumption of non-liability, the failure of the defendant to pay plaintiff following demand, was not arbitrary, capricious or without probable cause, and, therefore, this claim in the nature of damages and attorneys' fees will be denied.
It follows from our findings hereinabove set forth that the judgment from which appealed must be annulled, reversed and set *319 aside, and judgment rendered in favor of plaintiff. It is, therefore, ordered, adjudged and decreed that there be judgment in favor of plaintiff, Eugene B. Wynn, and against the defendant, Fidelity and Casualty Company of New York, in the sum of $30 per week, beginning March 13, 1954, and continuing weekly thereafter during the period of his disability, not to exceed 400 weeks, and for the sum of $646.55 for medical expenses. It is further ordered that there be judgment in favor of Confederate Memorial Medical Center and against Fidelity and Casualty Company of New York in the sum of $203, together with legal interest thereon from September 18, 1954, until paid and 10% of the principal and interest as attorneys' fees, which attorneys' fees shall be taxable as costs to be paid by preference and priority out of the judgment herein rendered.
It is further ordered that all costs, including costs of this appeal, shall be taxed against appellee herein.