CHIASSON, Judge.
Charles Edward Klohn, plaintiff-appellant, appeals the summary judgment of the trial court dismissing his tort suit against one of the defendants, the City of Thibo-daux.
Appellant was employed by Cooper Energy Services, Inc. as a mechanic’s helper on June 27, 1979. Cooper Energy had been contracted by Louisiana Power and Light Company (LP&L) to torque the head of a cylinder at the power plant in the City of Thibodaux. At this time, the City of Thibo-daux owned the power plant but by way of an Operating Agreement signed in 1977, LP&L had full control and operation of the power plant. Klohn was injured when he fell through a hole on a grated walkway.
Appellant initially brought a personal injury suit against LP&L. He later amended his petition to include the City of Thibo-daux as owner of the plant as well as individuals who were employed by LP&L. LP&L was dismissed from the case on a motion for summary judgment on the ground that it was the statutory employer of Klohn under La. R.S. 23:1061 and only liable to Klohn for workmen’s compensation benefits. La. R.S. 23:1032. That decision was affirmed by this Court. (See Klohn v. Louisiana Power & Light Company, 394 So.2d 636 rehearing denied February 11, 1981).
The trial judge, after taking the present appellee’s motion under advisement, granted the summary judgment. He found “that LP&L was and is operating the power plant as the city’s agent * * Accordingly the Court concluded that the City was engaged in the business of generating electricity at the time of plaintiff’s accident and that the City was also the statutory employer of the plaintiff.
The appellant’s only specification of error is that the trial court erred in granting summary judgment since there was insufficient credible evidence in the record to prove that the City of Thibodaux was the statutory employer of the appellant.
Applicable to this case is Article 966 of the Code of Civil Procedure which provides the standards for granting the motion for summary judgment, as follows:
“ * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
In addition, Article 967 gives the Court guidance on the use of affidavits in motions of this type:
*379 “Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissable in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all paper or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
The factual issue that is pertinent to this case is a two fold issue under La. R.S. 23:1061. This section of the Workmen’s Compensation Statute (commonly referred to as Section Six) states:
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependents, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; * * *”
For the granting of the motion for summary judgment to be correct there must not be a genuine issue as to whether the producing of electricity and all matters incidental to it, including repairs and maintenance, was within the “trade, business or occupation” of the City of Thibodaux.
Appellant contends that the affidavit filed by the Clerk of the City of Thibodaux and the accompanying “Operating Agreement” was insufficient evidence to prove that the City was in the business of producing electricity and the repair work involved with it. No opposing affidavits or other evidence was presented by the appellant to contradict what was submitted by the City. Appellant further contends that the trial court apparently relied on documents not properly before him in rendering the decision. (The City Charter and a bond resolution.)
Considering only the affidavit and the Operating Agreement, we find as the trial court did that the City of Thibodaux is in the business of producing electricity. As stated in the Operating Agreement: “WHEREAS, the City owns and operates an electric power and light plant and system * * * ”, there can be no doubt that the City is in the business of producing electricity. The Operating Agreement only turned the operating of the system over to LP&L. As stated also in the agreement, LP&L only operated as an agent: “the Company, acting as Agent for the City but at the sole cost and expense of the Company, shall perform and do, and shall have the sole and exclusive right and do, the following: (a) The Company shall operate and maintain the Distribution System * * * ”.
In effect the contractual arrangement in this case is that an agent (LP&L) of the principal (the City of Thibodaux) entered into a contract with a contractor (Cooper Energy Services) to perform maintenance work on the principal’s (City of Thibodaux) power plant. An employee (Klohn) of the contractor (Cooper Energy Services) was injured while in the performance of this work. The principal (City of Thibodaux) is thus liable for workmen’s compensation benefits and immune from suit in tort. La. R.S. 23:1061 and 23:1032. Redler v. Louisiana Power & Light Co., Inc., 383 So.2d 409 (La.App. 4th Cir. 1980); Palmer v. Willemet-Stouse Electric Company, 183 So.2d 373 (La.App. 4th Cir. 1966) writ denied 249 La. 67, 184 So.2d 736 (1966). Compare the oper *380 ating agreement in Synder v. Kolb, 11 La. App. 414, 123 So. 454 (2nd Cir. 1929).
We therefore agree with the trial court’s finding that no genuine issue as to any material facts exist which would preclude the granting of a summary judgment. Barnes v. Sun Oil Co., 362 So.2d 761 (La. 1978).
The judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.